## Commonwealth ex rel. Terry, Appellant, v. Banmiller.

Argued December 16, 1958. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Joseph Patrick Gorham,* for appellant.

*Domenick Vitullo,* Assistant District Attorney, with him *Juanita Kidd Stout,* Assistant District Attorney, *James N. Lafferty,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., March 18, 1959:

This is an appeal by a prisoner from the order of the court below dismissing his petition for a writ of habeas corpus.

The petitioner, Charles A. Terry, was sentenced for murder in 1932 to a term of life imprisonment. In 1942 the Governor, on the recommendation of the Board of Pardons, commuted the sentence to a minimum of ten years, one month, and a maximum of life. The prisoner was released on July 3, 1942. He was returned to prison as a technical parole violator and reparoled twice subsequently. On April 29, 1955, he was sentenced to a term of 10 to 20 years for a burglary committed after he had been last reparoled. He is now in the penitentiary. As the prison authorities and the Board of Parole have entered him as a parole violator, he is presently listed as serving time on his life sentence.[1]

---

[1] Because the petitioner is now listed by the Board of Parole and prison authorities as serving time on a murder sentence, jurisdiction is in the Supreme Court, but as the question was not raised, and the prisoner would not be entitled to the writ because of the burglary sentence, we thought it would be well to dispose of the matter here. If the Supreme Court believes it should take jurisdiction, it can, of course, allow the allocatur which is practically always sought in these cases. See *Commonwealth ex rel. Aikens v. Ashe,* 137 Pa. Superior Ct. 392, 9 A. 2d 201 (1939).

The petition alleges that the parole on the petitioner's life sentence was waived by the Board of Parole during World War II in order to permit him to enter the United States Maritime Service. The Board of Parole has no power to waive the maximum sentence imposed by law. *Com. ex rel. Banks v. Cain,* 345 Pa. 581, 589, 28 A. 2d 897 (1942) ; *Com. ex rel. Rushkowski v. Burke,* 171 Pa. Superior Ct. 1, 7, 8, 89 A. 2d 899 (1952).

Furthermore, he who seeks release from custody on a writ of habeas corpus must make out a prima facie case entitling him to be discharged or bailed. *Passmore Williamson's Case,* 26 Pa. 9 (1855) ; *Com. ex rel. Biglow v. Ashe,* 348 Pa. 409, 410, 35 A. 2d 340 (1944). The petitioner would not be entitled to a writ of habeas corpus prior to the expiration in 1975 of the maximum sentence on the burglary charge, because until that time his detention on the burglary sentence would be legal.

If there were error in the action of the board in holding the petitioner as a parole violator, which there clearly is not, the proper procedure to correct it while the prisoner is legally detained in the penitentiary would be by a writ of mandamus and not by a writ of habeas corpus. *Com. ex rel. Brown v. Pennsylvania Board of Parole,* 61 Dauphin 365 (1951) ; *Com. ex rel. Balles v. Pennsylvania Board of Parole,* 61 Dauphin 361 (1951).

Order affirmed.