Commonwealth ex rel. Forsythe, Appellant, *v.* Myers.

Submitted March 20, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*John T. Forsythe,* appellant, in propria persona.

*Arlen Specter,* Assistant District Attorney, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY MONTGOMERY, J., April 18, 1963:

This is an appeal from an order dismissing a petition for a writ of habeas corpus. The appellant was sentenced on June 8, 1938, to a term of not less than five years nor more than twenty years on a charge of armed robbery to which appellant had pleaded guilty, the sentence to be effective as of May 31, 1938. On May 31, 1943, after serving five years of this sentence in the Eastern State Penitentiary, the appellant was released on parole.

While on parole appellant pleaded guilty to charges of burglary and receiving stolen goods and was sentenced to six months to one year in the Eastern State Penitentiary on April 17, 1944. This conviction constituted a violation of the appellant's parole and since he was sentenced to the same institution, he was required to serve the unexpired balance of fifteen years remaining on his original sentence before commencing service of the subsequent sentence. Appellant was

granted a reparole on December 1, 1949, at which time he began serving the second sentence, and after having served forty-three days of this sentence, he was again paroled.

On July 15, 1952, appellant was arrested in Mt. Holly, New Jersey. He escaped custody and was apprehended in Philadelphia, whereupon he waived extradition and was returned to the New Jersey authorities. He was convicted of aggravated assault and battery, entering and larceny, and escape. These convictions constituted a violation of the appellant's parole with respect to the sentence imposed on July 8, 1938. Accordingly, the Pennsylvania Board of Parole lodged a detainer with the New Jersey authorities.

On January 17, 1961, appellant was released by the New Jersey State Penitentiary and was returned to Pennsylvania where he was recommitted to the State Correctional Institution at Philadelphia for the purpose of serving the unexpired balance of the maximum sentence imposed, for a period of nine years, four months and nine days, or until April 14, 1970.

Appellant contends that the lower court erred in dismissing appellant's petition without a hearing. However, there was a hearing on December 28, 1962. It is clear that a petitioner for a writ of habeas corpus is not entitled as a matter of right, to be present at the hearing held on the return day of the writ. Act of May 25, 1951, P.L. 415, §5, 12 P.S. 1905. The production of the petitioner in court, when no factual issues requiring the taking of testimony are presented, is not necessary. *Commonwealth ex rel. Kennedy v. Mingle,* 388 Pa. 54, 130 A. 2d 161; *Commonwealth ex rel. Gaurich v. Keenan,* 181 Pa. Superior Ct. 619, 124 A. 2d 144.

The basis for the appellant's petition was that the Pennsylvania Board of Parole waived its jurisdiction when he was returned to New Jersey in 1953.

A "parole" is not an act of clemency obliterating the crime or forgiving the offender, but is a penological measure for disciplinary treatment of prisoners apparently capable of rehabilitation outside prison, and it does not set aside or affect the sentence. *Commonwealth ex rel. Banks v. Cain*, 345 Pa. 581, 28 A. 2d 897.

In effect, the appellant is contending that the Board of Parole has waived a maximum sentence validly imposed by law. The board does not have the power to do this. *Commonwealth ex rel. Terry v. Banmiller*, 189 Pa. Superior Ct. 178, 149 A. 2d 189; *Commonwealth ex rel. Rushkowski v. Burke*, 171 Pa. Superior Ct. 1, 89 A. 2d 899.

When a person has violated the criminal statutes of two different sovereigns, it is for the interested sovereigns and not the criminal to settle which shall first inflict punishment. *McGuire v. Warden United States Penitentiary, Atlanta, Ga.*, 122 F. Supp. 699. Where a fugitive is under sentence at the time of his extradition, he is delivered to the other state for trial as a matter of comity, and it becomes a matter of agreement between the states, made previously or later as to what shall afterwards be done with the prisoner. *Com. of Pa. v. Stanley P. Ashe*, 114 Pa. Superior Ct. 119, 173 A. 715.

The allegations of the appellant therefore, are without merit. A petition for a writ of habeas corpus which is not self-sustaining may be dismissed without a hearing. *Commonwealth ex rel. Keller v. Myers*, 197 Pa. Superior Ct. 80, 177 A. 2d 10.

Order affirmed.