407 A.2d 857

COMMONWEALTH of Pennsylvania, COUNTY OF LANCASTER, Appellant,

v.

Dennis Robert ROSSER, Jr.

Superior Court of Pennsylvania.

Argued March 19, 1979.

Decided June 29, 1979.

Stephen M. Kraybill, Lancaster, for appellant.

Thomas E. Harting, Lancaster, for appellee.

Before PRICE, SPAETH and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from an order discharging a rule to show cause why appellee should not be held in contempt for failure to pay fines and costs.

The fines and costs were imposed because of two drug offenses.[1] On October 24, 1969, appellant was sentenced to 3 months to 2 years in prison, and ordered to pay a fine of $200 and costs of $145.20. On January 13, 1971, appellant was sentenced to 6 to 12 months in prison, and ordered to pay a fine of $25 and costs of $79.50. Appellee served time in prison on both sentences, and was paroled, and parole on both sentences has expired. He did not, however, pay any amount on the fines and costs.

On January 3, 1978, the county petitioned for a rule to show cause why appellee should not be held in contempt for failure to pay the fines and costs. Appellee's financial records were subpoenaed. At a hearing on January 30, 1978, before any evidence of the wilfulness of the nonpayment was presented, appellee moved to quash the subpoena, objected to the demand that he testify as on cross-examination, and objected to the propriety of the contempt proceed-

1. The first offense was under the Drug, Device & Cosmetic Act, Act of Sept. 26,. 1961, P.L. 1664, *as amended*, 35 P.S. § 780-1 *et seq.*, the second, under the Controlled Substance, Drug, Device & Cosmetic Act, Act of Apr. 14, 1972, P.L. 233, No. 64, 35 P.S. § 780-101 *et seq.*

ings in general. The hearing went no further. On June 15, 1978, the lower court discharged the rule. This appeal followed.

In its opinion, the lower court regarded the payment of the fines and costs as a condition of appellant's parole, and held that the county, in waiting until more than nine years after imposition of the first sentence, and more than six years after the second,[2] had violated the requirement that enforcement of parole violations occur with reasonable promptness.[3] *See generally, Commonwealth v. Waters*, 252 Pa.Super. 357, 381 A.2d 957 (1977); Pa.R.Crim.P. 1409. We note that at the hearing the director of the county bureau of collections testified that appellee had been sent a letter on June 7, 1977, and that telephone calls had been made, at unspecified times. N.T. 6–7. However, assuming, without deciding, that the county should have acted more promptly, we nevertheless find the lower court's analysis in error.

In *Commonwealth ex rel. Banks v. Cain*, 345 Pa. 581, 28 A.2d 897 (1942), the Supreme Court, in upholding the constitutionality of the newly passed Parole Act, Act of Aug. 6, 1941, P.L. 861, §§ 1–34, 61 P.S. §§ 331.1–331.34, took the occasion to examine the relationship between parole procedures and procedures to enforce the payment of fines:

Much attention was devoted by the court below to the possible effect of the act on cases where fines or costs of prosecution are imposed as part of the sentence. But the law in regard to fines and costs is not affected by the act . . . . The Board of Parole is given no authority concerning the payment of fines and costs, although, of course, it may, if it so desire, make such payment a condition precedent to the granting or the continuance of a parole . . . Paroles, as heretofore granted . . have never been regarded as interfering with the enforce-

2. Actually, the county took action slightly more than 8 years after the first sentence and slightly less than 7 years after the second.

3. The lower court therefore did not decide "whether defendant may be held in contempt of court for failure to pay fines and costs imposed as part of a criminal sentence." Lower court opinion at 2.

ment of the payment of fines, and the power to parole has uniformly been exercised without relation thereto. If the parolee does not liquidate the fine or costs which have been imposed upon him, he is still subject, just as before the passage of the present act, to all existing laws for the enforcement of that portion of his penalty  .  .  . .
*Id.*, 345 Pa. at 598–90, 28 A.2d, at 901.  。

Thus it may be seen that the payment of the fines and costs might have been made a specific condition of appellee's parole, *see also Commonwealth v. Walton*, 483 Pa. 588, 397 A.2d 1179 (1979); that appellee's parole might have been revoked, after proper procedures, on the ground that he had not paid the fines and costs; and that upon such revocation, appellee might have been sent back to serve the rest of his prison term. *Commonwealth v. Holm*, 233 Pa.Super. 281, 335 A.2d 713 (1975). For this to occur, the Commonwealth would have been required to act with reasonable promptness, and would have had to prove that appellee's parole was no longer serving his rehabilitative needs and was insufficient to deter future antisocial conduct. *Commonwealth v. Kates*, 452 Pa. 102, 115, 305 A.2d 701, 708 (1973). Here, however, the county was seeking only to collect money. Its interest in appellee went no further; had he had been adjudged in contempt, appellee would have been released as soon as he paid the money.[4] The issues, therefore, were only nonpayment, the wilfulness of the nonpayment, and the ability to pay. *Commonwealth ex rel. Benedict v. Cliff*, 451 Pa. 427, 304 A.2d 158 (1973). Since the county was not

4. Since this appeal arose from what was, in effect, a refusal to hold appellee in contempt, our discussion of the county's purpose, and our discussion, *infra*, of the nature of the contempt, are an extrapolation from the statement by counsel for the county that "the county has interest only in enforcing the order and no other interest in this matter. To my mind, at least, that would clear it up and make it a civil matter." N.T. 11. We presume that if the lower court had found appellee in contempt, its order would accordingly have been framed to provide that appellee would be released from prison upon payment of the fines and costs. If on remand the proceedings do not take this form—if, for example, an order is entered that does not conform to an order in civil contempt—appellee may on a subsequent appeal challenge the form of the order.

seeking revocation of parole, the interest in speedy disposition manifested by Rule 1409 was not present. Indeed, on its face Rule 1409 does not apply ("the judge shall not *revoke such probation or parole* . . . unless there has been a hearing held as speedily as possible . . . ." (emphasis supplied)).

■■■ The question therefore becomes whether the county went about seeking to collect the fines and costs in the correct way. Appellee argues that the county could have filed suit in assumpsit, and obtained a judgment and executed it, and therefore that it should not have proceeded via rule to have him held in contempt.[5] However, Pa.R.Crim.P. 1407, which sets out the procedure by which a defendant may be sent to prison for failure to pay a fine or costs,[6] is followed by this Comment:

5. Appellee also suggests that the county could have initiated parole violation proceedings, before his parole expired. As we have discussed, the county was not obliged to proceed by that method. *Commonwealth ex rel. Banks v. Cain, supra.*

6. **Rule 1407** provides:
   (a) A court shall not commit the defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or costs.
   (b) When the court determines, after hearing, that the defendant is without the financial means to pay the fine or costs immediately or in a single remittance, the court may provide for payment of the fines or costs in such installments and over such period of time as it deems to be just and practicable, taking into account the financial resources of the defendant and the nature of the burden its payments will impose, as set forth in paragraph (d) below.
   (c) The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of his financial means, including his ability to make restitution or reparations.
   (d) In cases in which the court has ordered payment of a fine or costs in installments, the defendant may request a rehearing on his payment schedule when he is in default of a payment or when he advises the court that such default is imminent. At such hearing, the burden shall be on the defendant to prove that his financial condition has deteriorated to the extent that he is without the means to meet the payment schedule. Thereupon the court may extend or accelerate the payment schedule or leave it unaltered, as the court finds to be just and practicable under the circumstances of record. When there has been default and the court finds the defendant is not indigent, it may impose imprisonment as provided by law for nonpayment.

> Nothing in this Rule is intended to abridge any rights the Commonwealth may have in a civil proceeding to collect a fine or costs.

From this we conclude [7] that as to the two possible remedies—contempt and a civil proceeding—there is no indication that the county was obliged to give preference to one or the other.[8] The method chosen by the county here to enforce appellee's sentence was civil contempt, for the dominant purpose was prospectively to coerce appellee as the contemnor to comply with an order of the court, not to punish him for disobedience of the order. *In re Martorano,* 464 Pa. 66, 346 A.2d 22 (1975); *In re B.,* 247 Pa.Super. 395, 372 A.2d 884 (1977).[9] This was a suitable procedure; the procedure for enforcing court-ordered payments for child or spouse support is the same. *See Barrett v. Barrett,* 470 Pa. 253, 368 A.2d 616 (1977); Civil Procedural Support Law, Act of July 13, 1953, P.L. 431, § 1 *et seq.,* 62 P.S. § 2043.31 *et seq.*[10]

The order of the lower court discharging the rule to show cause is reversed, and the case is remanded for further proceedings consistent with this opinion.[11]

**7.** The Comments to the Rules of Criminal Procedure are not binding on us as law, but have often been used in interpreting the Rules themselves. *Commonwealth v. Porter,* 251 Pa.Super. 346, 350 n. 1, 380 A.2d 812, 814 n. 1 (1977).

**8.** The Supreme Court in *Commonwealth ex rel. Benedict v. Cliff,* 451 Pa. 427, 304 A.2d 158 (1973), left no doubt that imprisonment of a non-indigent person who wilfully fails to pay fines or costs is permissible.

**9.** *See* note 4 *supra.*

**10.** The Sentencing Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1372, added 1974, Dec. 30, P.L. 1052, No. 345, § 1, 18 Pa.C.S.A. § 1372 (Supp.1978–79), which was not in effect at the time appellant was sentenced, but which arguably would control the county's efforts in 1978 to collect the fines and costs, provides that a court may hold a nonpaying person in contempt.

**11.** At the hearing, appellee contested the subpoena of his records, and the demand that he testify as if on cross-examination, on the ground that if the contempt was to be criminal—as appellee argued it was—his fifth amendment right against self-incrimination applied. By clear implication he conceded that if the contempt was civil, the privilege would not apply. Since we hold that civil contempt was

involved, appellee's right to claim the privilege thus is not an issue on this appeal.