590 A.2d 782

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Jesse FORD–BEY.**

Superior Court of Pennsylvania.

Argued March 19, 1991.

Filed May 9, 1991.

Stuart B. Suss, Asst. Dist. Atty., West Chester, for Com., appellant.

Kathleen J. Boyer, Asst. Public Defender, West Chester, for appellee.

Before CIRILLO, OLSZEWSKI and CERCONE, JJ.

CERCONE, Judge:

This is an appeal by the Commonwealth from an order of Common Pleas Court dismissing a bench warrant for appellee for parole violations relating to appellee's conviction on Bill No. 1190–86. For the following reasons, we affirm.

On May 11, 1986, as part of a plea bargain agreement, appellee defendant, Jesse Ford–Bey, pled guilty to one count of statutory rape (Bill No. 2424–85) for which the court sentenced him to a minimum prison term of not less than eleven and one-half (11–½) months and not more than fifty-nine (59) months. Appellee also pled guilty to one count of intimidation of witnesses (Bill No. 1190–86) for which the court sentenced him to a prison term of not less than eighty-three (83) days and not more than twenty-three (23) months.[1] The trial judge granted appellee an immedi-

---

1. Various related charges against appellee were dismissed at that time as part of the plea bargain. Appellee was also sentenced to a four

ate parole on the latter sentence since appellee had already served the eighty-three (83) day period before sentencing. He then ordered that the sentence for Bill No. 2424–85 be served consecutively to the sentence for Bill No. 1190–86.

Defendant was subsequently granted parole on Bill No. 2424–85 by the State Board of Probation and Parole. Since that time, the Chester County Office of Adult Probation supervised appellee's parole on Bill No. 1190–86 simultaneously with the State Board's supervision of his parole on Bill No. 2424–85. Lower Court Opinion at 1. On March 11, 1988, the trial judge issued a bench warrant for appellee's violations of his parole on Bill No. 1190–86. On June 30, 1988, the trial judge ordered an immediate parole on Bill No. 1190–86 subject to four special conditions.

On August 22, 1989, the court issued another bench warrant for appellee because of his subsequent violation of the parole order. At a hearing on the bench warrant on May 2, 1990, appellee, represented by the public defender, argued that because the trial judge had ordered the sentences at Bill No. 1190–86 and Bill No. 2424–85 be served consecutively, exclusive parole jurisdiction was vested in the State Board of Parole and Probation. The trial judge agreed and on May 8, 1990, he dismissed the bench warrant and declared that defendant was not subject to the court's parole authority. The Commonwealth filed this timely appeal.

The sole issue raised by the instant appeal is whether the trial court retains parole jurisdiction over a defendant when the court sentences him on two convictions to be served consecutively, even though parole is granted on one sentence.

Under Pennsylvania law, the authority to parole convicted offenders is split between the common pleas courts and the Pennsylvania Board of Probation and Parole. When an offender is sentenced to a maximum term of imprison-

year term of probation to run concurrently with his sentence for statutory rape. As this case only concerns the maximum term appellee must serve in prison, these charges have no bearing on this case.

ment of less than two years, the common pleas court retains authority to grant and revoke parole; when the maximum term is two years or more, authority to grant and revoke parole is vested in the Parole Board.

*Commonwealth v. McDermott*, 377 Pa.Super. 623, 631, 547 A.2d 1236, 1239 (1988) (parenthetical omitted); *See* 61 P.S. § 331.17. Therefore, in order to ascertain whether the trial judge has power to parole appellee, we must consider whether the maximum term of imprisonment imposed on appellee is less than two years.

■ Pennsylvania statutory law provides:

Whenever the court determines that a sentence should be served consecutively to one being then imposed by the court, or to one previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed. Such minimum sentence shall not exceed one-half of the maximum sentence imposed.

42 Pa. C.S.A. § 9757. Our Commonwealth Court has interpreted this statute to mandate automatic aggregation of sentences once the trial court imposes a consecutive sentence. *Gillespie v. Commonwealth Department of Corrections*, 106 Pa.Commw. 500, 508, 527 A.2d 1061, 1065 (1987).

By his actions, the trial judge ostensibly imposed a concurrent sentence. He pronounced sentence first on the charge of statutory rape ordering a minimum prison term of eleven and one-half (11–½) months to a maximum term of fifty-nine (59) months. Then he imposed a sentence on the intimidation of witnesses charge ordering a minimum prison term of eighty-three (83) days to a maximum term of twenty-three (23) months. He granted an immediate parole from the latter sentence. Only after he sentenced the defendant and granted the parole did the judge state his intention to impose a consecutive sentence.[2] Because con-

---

**2.** Reviewing the testimony from the sentencing hearing we find the following colloquy:

Mr. Mahon [prosecuting attorney]:

secutive sentences must be aggregated, the total maximum term of imprisonment is eighty-two (82) months. Since the total maximum sentence exceeds two years, parole authority is vested in the Parole Board. However, because the trial court's sentence is inconsistent with his grant of parole, we must determine whether the trial judge intended to impose a consecutive sentence, or a concurrent sentence which would vest him with power to grant parole on Bill No. 1190–86.

■ We find that the sentences imposed were to run consecutively. Both parties agreed that the sentence on Bill No. 2424–85 would be served consecutively to the sentence imposed on Bill No. 1190–86. N.T. 8/11/86 at 3. This is also reflected in the guilty plea colloquy which appellee signed. This evidence, along with the trial judge's statement regarding his subsequent intention to have the sentences served consecutively compels us to find such an intent. Accordingly, the consecutive sentences imposed must be aggregated. *Id.;* 42 Pa. C.S.A. § 9757.

■ The Commonwealth asks this court not to aggregate the sentences because once the trial judge sentenced appellee on Bill No. 1190–86 and then immediately paroled him, there was no longer a sentence of imprisonment for defendant to serve. This argument is misplaced, however, because it misinterprets the nature of a parole. As this court has held previously:

A "parole" is not an act of clemency obliterating the crime or forgiving the offender, but is a penological measure for disciplinary treatment of prisoners apparent-

And, sir, since they were taken out of order, either taken in chronological or the complaint order, the eleven and a half to 59 months on the statutory rape and the corruption of minors is consecutive to the time served plea in the intimidation of witnesses charge.

By the Court:

Yes, that's true. I said the one began today and the other was served, and I signed a parole order on the intimidation charge. N.T. 5/2/89 at 15.

ly capable of rehabilitation outside prison, and it does not set aside or affect the sentence.

*Commonwealth ex rel. Forsythe v. Myers,* 200 Pa.Super. 636, 639, 189 A.2d 920, 921 (1963).

The aggregated sentences therefore impose a total sentence of approximately fourteen and one half months to eighty two months imprisonment. Since the total maximum term of appellee's sentence continued for more than two years, exclusive power to parole for such a sentence is vested in the State Board of Probation and Parole.[3] *Commonwealth v. Call,* 249 Pa.Super. 511, 518, 378 A.2d 412, 416 (1977). Thus, the trial judge's grant of parole is *void ab initio. Tillman v. Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole,* 48 Pa. Commw. 325, 329, 409 A.2d 949, 951 (1980). We therefore affirm the order of Common Pleas Court dated May 14, 1990, vacate parole granted on Chester County Criminal Bill No. 1190–86, and direct the Chester County Office of Adult Probation to forward its files on this matter to the Pennsylvania Board of Probation and Parole.

Order affirmed; Parole granted on Chester County Criminal Bill No. 1190–86 vacated; The Chester County Office of Adult Probation is hereby ordered to forward appellee's record to the Pennsylvania Board of Probation and Parole.

---

**3.** We need not determine the effect of divesting the trial court of control over this matter as the State Board of Probation and Parole has the authority to prosecute appellee's parole violations.