645 A.2d 1328

**COMMONWEALTH ex rel. James R. POWELL**

**v.**

**Ray E. ROSENBERRY, Warden Franklin County Prison, Chambersburg, PA,**

**Appeal of James R. POWELL.**

Superior Court of Pennsylvania.

Submitted Feb. 22, 1994.

Filed July 18, 1994.

David R. Breschi, Chambersburg, for appellant.

John F. Nelson, III, Dist. Atty., Chambersburg, for appellee.

Before OLSZEWSKI, JOHNSON and CERCONE, JJ.

JOHNSON, Judge:

In this appeal from the order denying a Petition for Writ of Habeas Corpus, we are asked to determine whether the trial court had jurisdiction to enter an order extending a parole period. Because more than 30 days had passed since entry of the original sentencing order, we find that the trial court lacked jurisdiction to modify the judgment of sentence. 42 Pa.C.S. § 5505. Accordingly, we reverse the trial court's order and direct that the petitioner be discharged from all obligations arising subsequent to the expiration of his original parole period.

In May, 1990, James R. Powell pled guilty to the charge of driving under the influence of alcohol (DUI), at Docket No. 181 of 1990, in the Court of Common Pleas of Franklin County. On July 25, 1990, the trial court sentenced Powell to a term of imprisonment of 10 days to 23 months. At the expiration of the minimum sentence, Powell was to be paroled for 22 months and 20 days on various conditions, including that he consume no alcohol. In addition, Powell was to pay a fine plus costs. On August 3, 1990, Powell began his period of parole.

By June 22, 1992, the end of his parole period, Powell, however, had failed to pay the balance due on his fines and costs. Powell's parole officer then informed Powell that he could either "obtain an extension of parole which would give him more time to pay, or appear before the court at a hearing at which he would be vulnerable to having his parole revoked." Opinion and Order, dated April 24, 1993, at 18. Consequently, on June 30, 1992, Powell filed a Petition and Stipulation requesting a two year extension of his parole to afford him an opportunity to pay his fines. On July 2, 1992, the trial court issued an order extending Powell's parole to June 30, 1994, or until all sums were paid in full.

In August, 1992, after the expiration of the original parole period but before the extended parole period expired, Powell again was arrested for DUI. Following a violation hearing on October 14, 1992, the trial court found Powell in violation of his parole and ordered him to serve the balance of the sentence imposed on July 25, 1990. On October 26, 1992, Powell's counsel filed a motion to modify the sentence, but it was denied as untimely. On November 17, 1992, defense counsel filed a Petition for Writ of Habeas Corpus. Before ruling on the Petition, the court issued an order dated January 7, 1993, placing Powell on parole for a period of 19 months, 20 days. On January 28, 1994, the trial court issued an order terminating Powell's parole after determining that he had satisfied the conditions of his parole. However, prior to the issuance of that order, the trial court denied Powell's Petition

for Habeas Corpus. This appeal is from the order denying his Petition for Habeas Corpus.

On appeal, Powell argues that the July 2, 1992, order extending his parole should be vacated because (1) the trial court improperly exercised jurisdiction over his sentence after the expiration of the 30 day period in which the court must act to modify a sentence; (2) the extension exceeded the maximum sentence which he could have received for DUI; (3) the extension violated prohibitions against double jeopardy; and, (4) the order resulted from a waiver illegally coerced by the probation officer.

Preliminarily, we recognize that at the time this case was submitted to our panel on February 22, 1994, Powell's parole had been terminated. "Normally, the existence of an actual controversy is essential to appellate jurisdiction and, if an event occurs which renders it impossible to grant any relief, the issue is moot." *Commonwealth v. Bernhardt*, 359 Pa.Super. 413, 417, 519 A.2d 417, 419 (1986). However, there are instances in which this Court will decide questions which have otherwise been rendered moot. Such situations arise where "(1) the question involved is capable of repetition but likely to evade review or; (2) the question involved is one of public importance." *Id.* at 417–18, 519 A.2d at 420; *see also Commonwealth v. Smith*, 336 Pa.Super. 636, 486 A.2d 445 (1984).

In the present case, the record reveals that the Petition and Stipulation for a parole extension is set forth on a standard printed form. Moreover, in its Opinion, the Court of Common Pleas of Franklin County states that the "use of [such] petitions ... is far from unusual in this county. According to the statistics maintained by the probation department, in 1992 ... [a] total of 156 defendants executed similar petitions and stipulations in lieu of appearing before the court for violation hearings." Opinion and Order, *supra*, at 21. Further, a panel of this Court recently was presented with the same issue raised in the present case and, without analysis, affirmed the order denying habeas corpus relief on the trial court opinion.

*Commonwealth ex rel. Bumbaugh v. Rosenberry,* No. 356 Harrisburg 1993, slip memorandum (filed March 17, 1994). Doubtless, we will be confronted with this case scenario again. This appears to be a common practice in Franklin County. Thus, we will address the merits of Powell's appeal since it is clear from the record that this issue is capable of repetition. *Bernhardt, supra; Smith, supra.*

 The writ of habeas corpus is used to determine whether a petitioner is entitled to an immediate release from an unlawful confinement. Habeas corpus allows release when imprisonment results from a criminal proceeding in which fundamental errors were committed that made the proceeding a nullity and rendered the trial court without jurisdiction to impose sentence. In this appeal, we must determine whether the trial court lacked jurisdiction to modify a criminal sentence by extending parole after the 30 day time limit set forth in § 5505 had expired and, thus, committed a fundamental error of law in extending Powell's parole. With this standard in mind, we will review Powell's claims.

 In his first issue, Powell asserts that the trial court lacked jurisdiction to extend his parole because it did not act within 30 days of the date of its original sentencing order. We agree. In this Commonwealth, if no appeal has been taken, a common pleas court has jurisdiction to modify or rescind any order for a 30 day period after the order in question has been entered. 42 Pa.C.S. § 5505; *Commonwealth v. Bogden,* 364 Pa.Super. 300, 528 A.2d 168 (1987), *appeal denied,* 520 Pa. 595, 552 A.2d 249 (1988).

> This has been interpreted to mean that a sentencing court has only thirty days from the imposition of sentence within which to act to modify the sentence. The failure of the sentencing court to act within the thirty-day appeal period will normally result in the loss of jurisdiction to modify sentence....

*Bogden,* at 304, 528 A.2d at 169–70 (citations omitted).

In the present case, on July 25, 1990, the trial court sentenced Powell to a term of 10 days to 23 months' imprison-

ment, and, after serving the minimum 10 days, Powell was placed on parole for the remainder of the sentence. This established June 22, 1992, as the expiration date of his parole period. However, on July 2, 1992, nearly two years after the original sentence was imposed, and ten days after the expiration of the original sentence, the trial court entered an order extending Powell's parole for an additional two years or until his fine was paid. This was a modification of Powell's judgment of sentence which clearly occurred after the 30 day period following entry of the judgment.

Nevertheless, the trial court maintains that the original July 1990 sentence was never modified. Rather, the court stated that "the parole period was merely extended at [Powell's] request." Opinion and Order, *supra*, at 14. The court further stated that it could "extend a defendant's parole period without a violation hearing where the defendant has . . . waived his right to a hearing, and sign[ed] a petition and stipulation requesting additional time in which to comply with the payment conditions of his parole." Supplemental Opinion, dated June 24, 1993, at 2–3. The trial court, however, directs us to no authority, nor are we aware of any, which permits a court to extend a parole period beyond the time provided in the original sentencing order. Indeed, the trial court admits that "there is no case law or statutory authority which directly addresses [the] question . . . [of whether] a defendant [can request and receive] an extension of his parole period for the purpose of satisfying a condition of his parole in order to avoid [serving] the balance of his original sentence." Opinion and Order, *supra*, at 10.

 We are constrained to conclude that the trial court committed an error of law when it extended Powell's parole for an additional two year period, because, in this Commonwealth, a court lacks jurisdiction to modify an order beyond the 30 day time limit set forth in 42 Pa.C.S. § 5505. Moreover, the willful refusal to pay a fine may be considered a technical parole violation for which a parolee may be reincarcerated. *See Commonwealth ex rel. Parrish v. Cliff*, 451 Pa. 427, 304 A.2d 158 (1973) (imprisonment of a non-indigent

person who willfully fails to pay fines is permissible); *accord Lawson v. Commonwealth of Pennsylvania Board of Probation & Parole*, 105 Pa.Cmwlth. 427, 524 A.2d 1053 (1987); *Commonwealth v. Dorsey*, 328 Pa.Super. 241, 476 A.2d 1308 (1984). There is no indication in the record that Powell has willfully refused to pay his fine. If the Commonwealth suspected otherwise, it could have requested a parole revocation hearing at which Powell would have been entitled to establish his present inability to pay the fine, and work out a payment schedule or some other alternative. *Dorsey, supra.* We do not imprison the poor solely for their inability to pay fines. Pa.R.Crim.P. 1407(a); *see Cliff, supra.* Instead of devising a payment schedule, the trial court modified Powell's sentence to extend his parole period for two years, ostensibly to give Powell an opportunity to pay his fine. Powell need not be on parole to pay his fine, and the Commonwealth need not keep him on parole to insure payment. The Commonwealth could have collected the fine in any manner provided by law, *see* 42 Pa.C.S. § 9728(a), including holding Powell in contempt for failure to pay his fine. *See Commonwealth v. Rosser*, 268 Pa.Super. 116, 407 A.2d 857 (1979). While it may be convenient to threaten Powell with re-incarceration should he not pay, it is hardly necessary. And if maintaining that leverage means modifying Powell's sentence two years after it was originally imposed, it is illegal as well. In light of these conclusions, we need not address Powell's remaining issues.

Accordingly, we find that the trial court erred in denying Powell's Petition for Writ of Habeas Corpus. Therefore, we reverse the order of April 24, 1993, denying Powell's Petition. We direct that Powell be discharged from all obligations arising subsequent to the expiration of his original parole period, June 22, 1992, unless separate charges have been brought.

Order Reversed.

CERCONE, J. files a Concurring Opinion.

CERCONE, Judge, concurring:

Although I agree with the majority that the trial court improperly modified appellant's sentence beyond the maximum sentence originally imposed, I reach this conclusion for reasons other than those cited by the majority.

On July 25, 1990, the trial court sentenced appellant to a term of imprisonment of not less than ten (10) days, nor more than twenty-three (23) months. Appellant served ten days in jail, then was paroled for the remainder of his sentence. Towards the end of appellant's period of parole, his parole officer informed him that he had not paid the fines and costs imposed in his judgment of sentence. Thus, appellant faced the probability of a parole violation hearing and the possibility of incarceration for the unserved portion of his twenty-three month sentence. Rather than risking recommitment, appellant requested and received a two-year extension of his parole for an opportunity to pay his fines. The majority finds that by granting appellant's request for an extension of his parole, the trial court violated 42 Pa.C.S.A. § 5505 by modifying appellant's sentence beyond the thirty-day time limit.

I agree with the majority's finding that the extension of appellant's parole constituted an improper modification of his sentence. However, I do not agree that the trial court may not, under any circumstances, extend the parole period at the request of a defendant. Under Pennsylvania law, the authority to parole convicted offenders is shared between the court of common pleas and the Pennsylvania Board of Probation and Parole. When, as in the instant case, the offender is sentenced to a maximum term of imprisonment of less than two years, the common pleas court retains authority to grant and revoke parole; when the maximum term is two years or more, authority to grant and revoke parole is vested in the Parole Board. 61 P.S. § 331.17, 331.21, 331.26; *Commonwealth v. McDermott*, 377 Pa.Super. 623, 630–31, 547 A.2d 1236, 1236 (1988).

Parole is an established variation on imprisonment and is primarily concerned with rehabilitation and restoration of the

parolee to useful life. *Commonwealth v. Quinlan*, 488 Pa. 255, 258, 412 A.2d. 494, 496 (1980). This court has stated:

A "parole" is not an act of clemency obliterating the crime or forgiving the offender, but is a penological measure for disciplinary treatment of prisoners apparently capable of rehabilitation outside prison, *and it does not set aside or affect the sentence.*

*Commonwealth ex rel. Forsythe v. Myers*, 200 Pa.Super. 636, 639, 189 A.2d 920, 921 (1963) [emphasis added]. *Accord Commonwealth v. Ford–Bey*, 404 Pa.Super. 281, 285–86, 590 A.2d 782, 784 (1991).

However, even though parole is a form of imprisonment, a defendant is not entitled to count time served on parole towards his maximum sentence upon recommitment for a parole violation. *See Commonwealth v. Cole*, 222 Pa.Super. 229, 231, 294 A.2d 824, 825 (1972) (maximum period for which appellant could be sentenced after revoking parole set for charges was limited to maximum term under which appellant was originally sentenced because increase of original sentence would violate double jeopardy). *Accord Commonwealth v. Bischof*, 420 Pa.Super. 115, 122, 616 A.2d 6, 10 (1992).

In the instant case, the trial court extended appellant's parole beyond the maximum unserved term of imprisonment set forth in the trial court's judgment of sentence dated July 25, 1990. Specifically, appellant served ten days of the maximum twenty-three months imprisonment. By imposing parole which would extend beyond the remaining unserved sentence of twenty-two months and twenty days, I believe that the trial court improperly "modified" appellant's sentence in violation of 42 Pa.C.S.A. § 5505. This period extended beyond the possible time for which appellant could be recommitted if, after a hearing, he was found to be in violation of his parole. It is for this reason that I would find that the trial court improperly modified appellant's original judgment of sentence.

Upon review of 42 Pa.C.S.A. § 5505, I find nothing that would prevent a trial court, in the exercise of its discretion, from accepting the request of a criminal defendant to forego a

parole violation hearing and the possibility of recommitment in favor of an extension of parole. In fact, such action by the trial court is consistent with its continuing authority to grant or revoke parole more than thirty days after judgment of sentence. In this way, the trial court may determine whether recommitment or extended parole would best suit appellant's rehabilitative needs. However, I believe that the parole should not extend beyond the period for which appellant could be recommitted if he were found to be in violation of his parole after a hearing on the matter.

Accordingly, I concur with the majority's finding that the trial court's imposition of parole beyond twenty-two months and twenty days constituted an improper modification of appellant's sentence.