# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin R. Thompson,           :
               Petitioner    :
                              :
      v.                 :    No. 26 C.D. 2018
                              :    Submitted: January 11, 2019
Pennsylvania Board of Probation    :
and Parole,                :
              Respondent   :

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**          **FILED:  May 31, 2019**

Petitioner Justin R. Thompson (Thompson) petitions for review of a final determination of the Pennsylvania Board of Probation and Parole (Board), dated December 19, 2017.  The Board denied Thompson's request for administrative relief, in which he sought to challenge the Board's recalculation of his maximum sentence date.  Thompson's counsel, David Crowley, Esquire (Counsel), filed a petition to withdraw as counsel.  Counsel asserted in an initial "no-merit" letter, that the issues Thompson raises in his petition for review are without merit.  Following our review of Counsel's initial no-merit letter, we concluded that the no-merit letter was inadequate and denied Counsel's petition to withdraw.  We permitted Counsel to file an amended motion to withdraw and submit a revised no-merit letter in

response to our order, and Counsel has done so. We now grant Counsel's amended motion to withdraw and affirm the order of the Board.

Thompson had been incarcerated at a State Correctional Institution when the Board granted his parole by Board action recorded on December 20, 2010. (Certified Record (C.R.) at 4.) Thompson was officially released from confinement on April 11, 2011. (*Id*. at 7.) At the time of his parole, Thompson had a maximum sentence date of September 29, 2017. (*Id*.) On September 18, 2015, the Philadelphia Police Department arrested Thompson and charged him with several offenses related to an incident involving aggravated assault with a handgun. (*Id*. at 14-16.) The following day, the Board issued a warrant to commit and detain. (*Id*. at 11.) On June 24, 2016, Thompson pled guilty to charges in the nature of possession of a firearm by a convict and terroristic threats. (*Id*. at 28.) The Court of Common Pleas of Philadelphia County sentenced Thompson on the first count to a period of four to eight years' confinement and sentenced him to a maximum of five years' probation (consecutive to confinement) on the second count. (*Id*.) Thereafter, Thompson waived his right to a revocation hearing. (*Id*. at 31.) By Board action recorded on August 17, 2016, the Board recommitted Thompson as a convicted parole violator to serve 21 months' back time. (*Id*. at 53-54.) In so doing, the Board recalculated Thompson's maximum sentence date to February 4, 2023. (*Id*. at 55.)

Thompson then filed a request for administrative relief, challenging the Board's recalculation of his maximum sentence date and arguing that he was returned to state custody on June 30, 2016, but his "green sheet" incorrectly indicates he was returned to state custody on August 16, 2016. (*Id*. at 60.) As a result, Thompson contended that he was entitled to credit for 47 days for the time period between June 30, 2016, and August 16, 2016. (*Id*.) Thompson appears to have filed

a supplemental request for administrative review, in which he advanced several arguments in support of his contention that the Board lacked the authority to recalculate his judicially imposed sentence. (*Id*. at 62-65.) The Board denied Thompson's administrative appeal, reasoning:

> The Board paroled you from a state correctional institution (SCI) on April 11, 2011 with a max date of September 29, 2017. This left you with a total of 2363 days remaining on your sentence at the time of parole. The Board's decision to recommit you as a convicted parole violator authorized the recalculation of your sentence to reflect that you receive no credit for the time you were at liberty on parole. 61 Pa. C.S. § 6138(a)(2). In this case, the [B]oard did not award you credit for time at liberty on parole. This means you still had a total of 2363 days remaining on your sentence based on your recommitment. . . . .

> The Prisons and Parole Code[1] [(Code)] provides that convicted parole violators who are paroled from a state correctional institution and then receive another sentence to be served in a [SCI] must serve the original sentence first. 61 Pa. C.S. § 6138(a)(5). However, that provision does not take effect until the parolee is recommitted as a convicted parole violator. Thus, you did not become available to commence service of your original sentence until August 16, 2016, when the [B]oard made their [sic] decision. Adding 2363 days to that date yields a new maximum sentence date of February 4, 2023.

(*Id*. at 71-72.) Thompson then filed a petition for review in this Court.

We begin by addressing Counsel's request to withdraw from his representation of Thompson. When no constitutional right to counsel is involved in a probation and parole case, an attorney seeking to withdraw from representing a

---

[1] 61 Pa. C.S. §§ 101-6309.

3

prisoner may file a no-merit letter, as compared to an *Anders* brief.[2]  In *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19 (Pa. Cmwlth. 2009), this Court held that a constitutional right to counsel in a parole matter arises only when the prisoner's case includes:

> [a] colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes*, 977 A.2d at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). The record in this matter contains no suggestion by Thompson that he did not commit the crimes for which he received a new criminal conviction, nor does Thompson suggest any reasons constituting justification or mitigation for his new criminal conviction.  Thus, Thompson only has a statutory right to counsel under Section 6(a)(10) of the Public Defender Act.[3]

---

[2] In *Anders v. California*, 386 U.S. 738 (1967), the Supreme Court of the United States held that in order for a criminal defendant's counsel to withdraw from representing his client in an appeal, the counsel must assert that the case is completely frivolous, as compared to presenting an absence of merit.  *Anders*, 386 U.S. at 744.  An appeal is completely or "wholly" frivolous when there are no factual or legal justifications that support the appeal.  *Craig v. Pa. Bd. of Prob. & Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985).  In seeking to withdraw, counsel must submit a petition to withdraw and a brief "referring to anything in the record that might arguably support the appeal."  *Cmwlth. v. Baker*, 239 A.2d 201, 202 (Pa. 1968) (citing *Anders*, 386 U.S. at 744). The Supreme Court of Pennsylvania, however, has held that in matters that are *collateral* to an underlying criminal proceeding, such as parole matters, a counsel seeking to withdraw from his representation of a client may file a "no-merit" letter that includes information describing the extent and nature of the counsel's review, listing the issues the client wants to raise, and informing the court of the reasons why counsel believes the issues have no merit.  *Cmwlth. v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988).

[3] Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10).

4

In order to satisfy the procedural requirements associated with no-merit letters, counsel must: (1) notify the parolee that he has submitted to the Court a request to withdraw; (2) provide the parolee with a copy of counsel's no-merit letter; and (3) advise the parolee that he has the right to obtain new counsel and to submit to the Court a brief of his own, raising any arguments that he may believe are meritorious.[4]  *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006).  In seeking to withdraw, this Court has consistently required an attorney to include the following descriptive information in a no-merit letter: (1) the nature and extent of counsel's review of the case; (2) the issues the parolee wants to raise; and (3) the analysis counsel used in reaching his conclusion that the issues are meritless. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009).  Consequently, before making an independent review of the merits of the appeal to determine whether Thompson's appeal has no merit, we must first evaluate Counsel's no-merit letter to determine whether it complies with the requirements for withdrawal applications.

In his petition for review and supplemental filings, Thompson challenged the Board's failure to credit him for the 47 days between June 30, 2016, and August 16, 2016, and also raised general challenges to the Board's authority to recalculate a judicially imposed sentence.  As to the general challenges, Thompson argued: (1) the Board's recalculation of the maximum sentence date pursuant to Section 6138(a)(2) of the Prisons and Parole Code (Code), 61 Pa. C.S. § 6138(a)(2),[5]

---

[4] Counsel served Thompson with his petition to withdraw and his amended no-merit letter. In a letter addressed to Thompson, Counsel advised Thompson of his right to retain counsel and to file a brief on his own behalf.  Thus, Counsel has complied with these requirements.

[5] Section 6138(a) of the Code pertains to violation of terms of parole by a convicted parole violator.  Section 6138(a)(2) of the Code provides:

eviscerates the judicial discretion which is provided to the courts pursuant to Section 9721(a) of the Sentencing Code;[6] (2) Section 6138(a)(2) of the Code is in direct conflict with Section 6138(a)(5) of the Code[7] and violates the separation of powers doctrine; and (3) Section 6138(a)(2) of the Code is in direct conflict with Section 5505 of the Judicial Code, 42 Pa. C.S. § 5505.[8]  Counsel's initial no-merit letter failed to provide an adequate evaluation of Thompson's arguments.  Counsel's amended no-merit letter, however, contains a thorough discussion of all relevant points and in-depth analyses explaining why Thompson's arguments have no merit. We, therefore, will proceed to consider whether Counsel is correct in asserting that Thompson's appeal has no merit.

As to Thompson's contention that he was entitled to credit for 47 days for the time period between June 30, 2016, and August 16, 2016, a review of the

---

If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

[6] Section 9721(a) of the Sentencing Code pertains to sentencing, generally, by a Court.

[7] Section 6138(a)(5) of the Code provides:

If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

(i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

(ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.

(iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa. C.S. § 6138(a)(5).

[8] Section 5505 of the Judicial Code pertains to modifications of orders.

6

record reveals that Thompson was returned to state custody on June 30, 2016, but he was not recommitted as a convicted parole violator until August 17, 2016. Section 6138(a)(5) of the Code, 61 Pa. C.S. § 6138(a)(5)(i), provides that "[i]f a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term" in cases where "a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution." Section 6138(a)(4) of the Code, 61 Pa. C.S. § 6138(a)(4), further provides that "[t]he period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution *as a parole violator*." (Emphasis added.) The provisions of Section 6138(a)(4), therefore, become operative only once the Board has revoked parole. *See Barnes v. Pa. Bd. of Prob. and Parole*, 203 A.3d 382 (Pa. Cmwlth. 2019). In *Barnes*, we explained:

> [I]t is well established that the requirement that a [convicted parole violator] serve the balance of his original sentence is only operative once "parole has been revoked and the remainder of the original sentence becomes due and owing." Therefore, "credit for time a [convicted parole violator] spends in custody between imposition of a new sentence and revocation of parole must be applied to the new sentence." Parole revocation occurs once a hearing examiner and Board member or two Board members sign a hearing report recommitting a prisoner as a [convicted parole violator].

*Barnes*, 203 A.3d at 391-92 (internal citations omitted). Thus, the Board cannot apply to Thompson's original sentence the 47 days that Thompson was in state custody prior to the Board's revocation of his parole on August 17, 2016. Rather,

7

those days must be credited to his new sentence at the appropriate time. Accordingly, the Board did not err in its calculation.

Thompson's second argument is that the Board, in recalculating his maximum sentence date pursuant to Section 6138(a)(2) of the Code undermines the judicial discretion afforded to the courts under Section 9721(a) of the Sentencing Code. In this argument, Thompson makes two claims: (1) the Board improperly extended his maximum date by refusing to grant credit for street time; and (2) the judiciary, and not the Board, has the power to calculate his maximum sentence date. Our courts have routinely rejected these arguments. As our Supreme Court wrote, "the Parole Board's power to deny credit for 'street time' . . . is not an encroachment upon the judicial sentencing power." *Young v. Pa. Bd. of Prob. and Parole*, 409 A.2d 843, 848 (Pa. 1979). This maxim was reiterated in *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980), where our Supreme Court opined: "[W]hen the Board refuses to credit a convicted parole violator with time spent free on parole there is neither a usurpation of the judicial function of sentencing nor a denial of the procedural safeguards to which persons are entitled." *Gaito*, 412 A.2d at 570. Further, this Court in *Davidson v. Pennsylvania Board of Probation and Parole*, 33 A.3d 682 (Pa. Cmwlth. 2011), determined that "the Board did not violate the separation of powers doctrine by acting pursuant to 61 Pa. C.S. § 6138 and recommitting [the p]etitioner as a convicted parole violator without credit for time served at liberty on parole." *Davidson*, 33 A.3d at 686. It follows that the Board did not engage in a judicial function by refusing to credit Thompson for his street time and did not, therefore, violate Section 9721(a) of the Sentencing Code.

Thompson's next argument is that Section 6138(a)(2) of the Code is in direct conflict with Section 6138(a)(5) of the Code and violates the separation of powers doctrine. Thompson contends that the above-mentioned statutory sections are in conflict because Section 6138(a)(2) of the Code requires recommitted parolees to serve the remainder of their original term without credit for street time unless certain exceptions are met, whereas Section 6138(a)(5) of the Code just requires that parolees serve their original sentence with no mention of street time.

Statutory sections are said to be in conflict when the provisions cover the same subject matter and address the same question. *See, e.g.*, *Pa. Associated Builders and Contractors, Inc. v. Dep't of Gen. Servs.*, 932 A.3d 1271 (Pa. 2007) (concluding that two statutory provisions applicable to construction contract procurement were in conflict where one statutory provision required certain construction contracts to be awarded to lowest bidder while other provision allowed same types of construction contracts to be awarded to someone other than lowest bidder). Section 6138 of the Code, generally, pertains to the ramifications of violating the terms of parole, and the procedures that the Board must follow in recommitting the offenders. Section 6138(a)(2) of the Code provides that a convicted parole violator must serve the remainder of his original term upon recommitment and may not be given credit for street time unless the provisions of Section 6138(a)(2.1) of the Code are applicable. Section 6138(a)(2.1) of the Code provides:

> *The [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole*, unless any of the following apply:
>
>> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9714(g) (relating to

9

sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

(Emphasis added.) Section 6138(a)(5) of the Code does not mention credit for street time; it requires that any new sentence imposed on parole violators be served after the balance of the sentence originally imposed by the courts. 61 Pa. C.S. § 6138(a)(5). Contrary to Thompson's argument, Section 6138(a)(2) and Section 6138(a)(5) of the Code are not in conflict. Section 6138(a)(2) and Section 6138(a)(2.1) of the Code mandate that convicted parole violators must serve the remainder of their original term upon recommitment but give the Board discretion to award credit for street time; whereas, Section 6138(a)(5) sets forth the order in which the earlier and any new or subsequent sentence is to be served. We perceive no conflict between these statutory provisions. Thompson's argument, therefore, has no merit.

We also reject Thompson's argument that the legislature's implementation of Section 6138(a)(2) of the Code permits the extension of a parole violator's maximum sentence and, therefore, violates the doctrine of separation of powers. As we have discussed earlier in this opinion, our courts have frequently dismissed this argument. *See Davidson*, 33 A.3d at 686 ("[T]he Board [does] not violate the separation of powers doctrine by acting pursuant to 61 Pa. C.S. § 6138 and recommitting [offenders] as [] convicted parole violator[s] without credit for time served at liberty on parole."). Accordingly, Thompson's argument has no merit.

10

Thompson's final argument is that Section 6138(a)(2) of the Code is in direct conflict with Section 5505 of the Judicial Code. Section 5505 of the Judicial Code provides: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa. C.S. § 5505. In the context of criminal sentences, Section 5505 of the Judicial Code provides a limited time period in which a trial court judge may modify or rescind a sentencing order before the trial court judge is without jurisdiction to modify or rescind a sentence. *See, e.g.*, *Bailey v. Pa. Bd. of Prob. and Parole*, 591 A.2d 778 (Pa. Cmwlth. 1991) (concluding that sentencing court did not have jurisdiction to modify its original order more than one year after it was entered); *Com. ex rel. Powell v. Rosenberry*, 645 A.2d 1328 (Pa. Super. 1994) (holding that trial court lacked jurisdiction to modify sentencing order after 30 days elapsed); *Cmwlth. v. Cooper*, 482 A.2d 1014 (Pa. Super. 1984) (concluding that sentencing judge improperly modified sentencing order more than 30 days after sentencing order was entered and after prisoner filed notice of appeal); Thompson contends that because Section 6138(a)(2) of the Code permits the Board to extend a parole violator's maximum sentence date, it necessarily allows the Board to modify a court's sentencing order in violation of Section 5505 of the Judicial Code, which reserves the power to modify a trial court order to the trial court judge, albeit for a limited period of time only. Contrary to Thompson's argument, Section 6138(a)(2) of the Code does not permit the Board to alter in any way a trial court judge's sentencing order. Rather, Section 6138(a)(2) provides that a parolee must serve the remainder of the original term of sentence upon revocation of parole. For example, Section 6138(a)(2) does not allow the Board to alter a sentencing order

11

by increasing a sentence from 5-10 years to 7-12 years when a convicted parole violator's parole is revoked and he is denied credit for two years at liberty on parole, but it does allow the Board to recalculate the maximum sentence date, thereby resulting in a maximum sentence date that is two years later in time. Despite the change of the maximum sentence date, the actual sentence of 5-10 years remains the same, such that the Board did not modify the trial court judge's sentencing order. Accordingly, Section 6138(a)(2) of the Code does not conflict with Section 5505 of the Judicial Code.

Based on the foregoing discussion, we agree with Counsel that Thompson's petition for review lacks merit, and, therefore, we grant Counsel's amended motion for leave to withdraw as counsel. Moreover, because we conclude that Thompson's appeal lacks merit, we affirm the order of the Board denying his request for administrative relief.

P. KEVIN BROBSON, Judge

12

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin R. Thompson,             :
          Petitioner      :
                      :

       v.              :   No. 26 C.D. 2018
                      :

Pennsylvania Board of Probation   :
and Parole,                :
          Respondent   :

# **O R D E R**

AND NOW, this 31st day of May, 2019, the amended motion for leave to withdraw as counsel filed by David Crowley, Esquire, is hereby GRANTED, and the final determination of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
P. KEVIN BROBSON, Judge
