J-A24007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHONDAE BOLDS | : | |
| | : | |
| Appellant | : | No. 163 EDA 2021 |

Appeal from the Judgment of Sentence Entered December 16, 2020
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0004160-2014

BEFORE: LAZARUS, J., DUBOW, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY LAZARUS, J.: **FILED JANUARY 7, 2022**

Shondae Bolds appeals from the judgment of sentence, entered in the Court of Common Pleas of Delaware County. For the reasons that follow, we direct that Bolds be discharged from her judgment of sentence, which included the imposition of restitution as a direct sentence and as a condition of Bolds' parole. **See** 18 Pa.C.S. §§ 1106(a), (b); **see also** Delaware County Court of Common Pleas Certificate of Imposition of Judgment of Sentence, 4/15/16 ("Make monthly payments toward restitution first [and] case may close when restitution satisfied.").

The current challenge to Bolds' restitution sentence is rendered moot where a civil judgment, pursuant to 42 Pa.C.S. § 9728, was entered in favor

---

[*] Retired Senior Judge assigned to the Superior Court.

of the Commonwealth against Bolds. *See* Praecipe for Judgment, 12/1/14,[1] ("Enter Judgment . . . for monies due and owing as directed by the Court in Criminal Action No. CP-23-CR-0004160-2014[,] in the sum of $293.00 for fines, costs and restitution. (Note to Defendant:  In order to have this judgment satisfied in full, you will also have to pay $425.50 to the Office of Judicial Support, representing OJS costs of $15.50 and $10.00 satisfaction fee"). *See also* 42 Pa.C.S. § 9728(a)(1) ("A sentence . . . entered . . .  for restitution . . .  fees, costs, fines[,] or penalties shall, together with interest and any additional costs that may accrue, be a judgment in favor of the probation department upon the person or the property of the person sentenced or subject to the order."); ***Commonwealth ex rel. Powell v. Rosenberry***, 645 A.2d 1328 (Pa. Super. 1994) (where at time of appeal defendant's parole had been terminated, issue regarding failure to pay fine

---

[1] At the last revocation hearing, held in December of 2020, the trial judge stated, "**I am assuming that as long as some payments are made on a monthly basis for the next 477 days that at the conclusion there will be a motion to convert the balance of any restitution due to a civil judgment against** [the defendant]." N.T. *Gagnon II* Hearing, 12/11/20, at 12 (emphasis added).  The attorney for the Commonwealth agreed with the court's statement. *Id.*  In fact, defendant's parole agent acknowledged that Bolds had been making monthly payments toward restitution and that all Bolds needed to do going forward was to make some payment on a monthly basis toward restitution. *Id.* at 14-15; *id.* at 11 (Commonwealth attorney stating, "[w]e are not asking to send [Bolds] back to jail, we are just asking her to continue to make payments").  Moreover, at oral argument on the instant matter, Bolds' counsel acknowledged that Bolds' sentence had been reduced to a civil judgment in 2014.

and costs, as condition of parole, moot because no actual controversy existed).

Defendant discharged. Jurisdiction relinquished.[2]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/2022

_____

[2] We note, with displeasure, that this case has languished for seven years since the civil judgment was entered on Bolds' underlying criminal restitution sentence. During that time, Bolds has been subjected to multiple revocation hearings—two of those hearings were before a master, not a common pleas judge, and Bolds was unrepresented. Despite the fact that Bolds was colloquied and agreed to proceed without counsel, it is concerning to this Court that the masters repeatedly found Bolds in violation of her parole for failing to make monthly restitution payments even though there was never any formal payment schedule, no clarification regarding what Bolds' co-defendants owed toward the judgment, and, despite the fact that Bolds testified she had been making monthly payments as ordered by the court. Finally, even though Bolds was not sentenced to incarceration each time she was found to be in violation of her parole, by sentencing her to back time Bolds has effectively been constrained by her parole agents where she is unable to move on with her life as a single mom, being the sole provider for her child, living on limited income as a fast food employee.