620 A.2d 1175

COMMONWEALTH of Pennsylvania, Appellant,

v.

Rodney HARRIS, Appellee.  (Two Cases)

COMMONWEALTH of Pennsylvania, Appellant,

v.

Albert STORER, Appellee.  (Two Cases)

COMMONWEALTH of Pennsylvania, Appellant,

v.

Anthony MILLER, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Howard WOLFE, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Kelly JONES, Appellee.

Superior Court of Pennsylvania.

Argued Sept. 17, 1992.

Filed Feb. 19, 1993.

Norman Gross, Asst. Dist. Atty., Philadelphia, for Commonwealth, appellant (at 2521, 2522, 2523, 2524, 2770, 2773 and 2021).

Daniel P. Alva, Philadelphia, for Storer, appellee (at 2523 and 2021).

John W. Packel, Asst. Public Defender, Philadelphia, for Miller, appellee (at 2524), Wolfe, appellee at (2770), Jones, appellee (at 2773).

Before McEWEN, DEL SOLE and HUDOCK, JJ.

HUDOCK, Judge.

In these consolidated appeals, the Commonwealth contends that the trial court was without authority to grant early parole. At issue is the proper interpretation of 42 Pa.C.S. § 9757 (Purdon 1982), 61 Pa.S. § 314 (Purdon 1964), and 61 Pa.S. § 331.17 (Purdon Supp.1992). For the reasons that follow, we vacate the orders granting parole, aggregate the sentences imposed upon the several Appellees, and direct the Parole Board to assume jurisdiction and authority over the parole of each Appellee.

Before deciding the proper interpretation of these sections, we shall briefly discuss the sentencing and parole history of each Appellee.

### Rodney Harris

On December 18, 1990, Appellee Harris entered a negotiated plea of guilty to delivery of cocaine and possession with intent to deliver cocaine.[1] The court below, per the Honorable Carolyn Engel Temin, imposed concurrent prison terms of eight to twenty-three months, followed by one year of probation, on each conviction. These sentences were also to run concurrently with a sentence of six to twenty-three months imprisonment previously imposed on Appellee Harris, by the Honorable Pamela Pryor Cohen, for violation of his probation.

1. *See* 35 P.S. § 780–113(16).

On January 23, 1991, Appellee Harris entered a plea of guilty before Judge Cohen to charges of carrying a firearm on a public street, carrying a firearm without a license, and theft by receipt of stolen property,[2] and, on that same date, he was sentenced to a term of four to twenty-three months imprisonment, to be served consecutively to the sentences imposed on December 18, 1990 by Judge Temin. The aggregate maximum of all sentences imposed upon Appellee Harris was, therefore, forty-six months.

On July 15, 1991, Judge Temin granted Appellee Harris immediate parole on both sentences imposed on December 18, 1990, over the written objection of the Commonwealth that she was without authority to do so in light of the fact that Appellee Harris' aggregate maximum sentence exceeded twenty-four months. Judge Temin denied the Commonwealth's timely filed motion for reconsideration, without a hearing, on August 14, 1991.

### Albert Storer

At the conclusion of a non-jury trial, Judge Temin convicted Appellee Storer of arson, aggravated assault, risking a catastrophe, recklessly endangering another person,[3] and other related crimes. On June 20, 1990, Judge Temin imposed three consecutive sentences of eleven and one-half to twenty-three months imprisonment for the arson, aggravated assault, and risking a catastrophe convictions, and suspended sentences for the remaining crimes. Thus, an aggregate maximum sentence of sixty-nine months was imposed upon Appellee Storer.

On November 21, 1990, Judge Temin granted Appellee Storer parole on the risking a catastrophe conviction. On July 17, 1991, over the Commonwealth's written objection, Judge Temin paroled Appellee Storer with regard to the aggravated assault conviction. Judge Temin denied, without a hearing, the Commonwealth's timely filed motion for reconsideration on

2. 18 Pa.C.S. § 6106 and 18 Pa.C.S. § 3925, respectively.
3. 18 Pa.C.S. § 3301, 18 Pa.C.S. § 2702, 18 Pa.C.S. § 3302, and 18 Pa.C.S. § 2705, respectively.

August 14, 1991. On May 1, 1992, Judge Temin granted early parole to Appellee Storer on the arson conviction.

### Anthony Miller

On June 16, 1987, Appellee Miller entered a negotiated plea of guilty to the charge of aggravated assault.[4] Judge Temin imposed a sentence of time served to twenty-three months imprisonment upon Appellee Miller and immediately placed him on parole. While on parole from this sentence, Appellee Miller was arrested on January 26, 1989, and charged with burglary, criminal trespass, criminal conspiracy, and theft.[5] Judge Ackerman, sitting without a jury, convicted Appellee Miller of all charges. On May 16, 1990, Judge Ackerman sentenced Appellee Miller to eleven and one-half to twenty-three months imprisonment on the burglary charge, and a three year sentence of probation for the conspiracy conviction.

On June 11, 1990, Judge Temin revoked Appellee Miller's previous grant of parole due to Appellee Miller's convictions before Judge Ackerman and ordered him to serve the balance of his maximum sentence of twenty-three months that he had not previously served. Judge Temin further ordered that the balance of the maximum sentence be served consecutively to Judge Ackerman's sentence, resulting in an aggregate maximum sentence of forty-six months.

On June 24, 1991, Appellee Miller filed a *pro se* petition for early parole with the trial court. The Commonwealth filed a written opposition to the petition. On July 18, 1991, following a hearing, Judge Temin granted Appellee Miller's petition for early parole, effective immediately, and refused the Commonwealth's timely motion for stay of her order pending appeal. Judge Temin also denied, without a hearing, the Commonwealth's timely-filed motion for reconsideration of the parole order on August 14, 1991.

4. 18 Pa.C.S. § 2702.

5. 18 Pa.C.S. § 3502, Pa.C.S. § 3503, 18 Pa.C.S. § 903(a), and 18 Pa.C.S. § 3903, respectively.

### Howard Wolfe

On December 21, 1990, Appellee Wolfe entered a guilty plea before Judge Temin to seven separate burglaries and criminal conspiracies.[6] On February 25, 1991, Judge Temin imposed a prison term of eleven and one-half months to twenty-three months for the first burglary conviction, a consecutive term of six to twenty-three months imprisonment for the second, a consecutive term of six to twenty-three months for the third, a consecutive probationary term of three years for the fourth, and three concurrent terms of three years probation for the remaining convictions. The aggregate maximum sentence was, therefore, sixty-nine months.

On July 13, 1991, the Prison Population Management Unit of the Philadelphia Prisons (PPMU) filed a petition on behalf of Appellee Wolfe for parole. Judge Temin granted the petition on July 24, 1991. On August 6, 1991, she reaffirmed the grant of parole over the objection of the Commonwealth.

### Kelly Jones

On October 9, 1990, Appellee Jones entered a plea of guilty to burglary and criminal conspiracy[7] before Judge Temin. Judge Temin thereafter imposed consecutive sentences of imprisonment of eleven and one-half to twenty-three months for the burglary, and six to twenty-three months imprisonment for the conspiracy charge. Thus, Appellee Jones' maximum aggregate sentence was forty-six months. On July 8, 1991, the PPMU filed a petition for early parole on behalf of Appellee Jones, which the Commonwealth opposed. Judge Temin granted Appellee Jones early parole, effective September 22, 1991.

The Commonwealth contends that the trial court was without authority to grant parole in each case. We agree. In a recent decision by a panel of this Court, it was determined that two county sentences of eight to twenty-three months which were imposed consecutively are required by law to be

---

6. 18 Pa.C.S. § 3502 and 18 Pa.C.S. § 903(a), respectively.

7. 18 Pa.C.S. § 3502 and 18 Pa.C.S. 903(a), respectively.

aggregated and that, because the resultant forty-six month aggregate maximum sentence exceeded two years, exclusive parole power was vested in the state parole board. The panel therefore vacated the trial court's orders of early parole and ordered the appellee to surrender to the custody of the Superintendent of the Philadelphia Department of Prisons for completion of each of the two eight month minimum sentences. *Commonwealth v. Evola*, 421 Pa.Super. 595, 618 A.2d 969 (1992).

The facts in *Evola* sufficiently mirror the sentencing circumstances of Appellees Storer, Wolfe and Jones so as to directly control the disposition of these appeals; each of these Appellees received multiple consecutive county sentences imposed by Judge Temin which, when aggregated, vests exclusive parole jurisdiction with the Pennsylvania Board of Probation and Parole (Board). *See also Ambrek v. Clark*, 287 F.Supp. 208 (E.D.Pa.1968) (Parole Board had exclusive authority to parole person serving aggregate maximum sentence in excess of two years, even though aggregate was comprised of consecutive maximum sentences of twelve months).[8]

The sentencing history of Appellees Harris and Miller includes parole and/or probation revocations. The interplay of these sentences in the aggregation of sentences for determining parole jurisdiction was not specifically addressed in *Evola*. Following the rationale in *Evola*, however, in Appellee Harris' case, the probation violation was imposed concurrently and does not aggregate with the sentence of Judge Temin on December 18, 1990. But the aggregation of the county sentence previously imposed by Judge Temin and the subsequent county sentence imposed by Judge Cohen gives the Board exclusive parole jurisdiction of him. Thus, we also dispose of the Commonwealth's appeal as to Appellee Harris on the basis of *Evola*.

8.  As shall be discussed *infra*, Section 9757 and Section 331.17 operate independently of each other. *Ambrek* was decided prior to the enactment of Section 9757. However, the pertinent section to support the District Court's conclusion was Section 331.17 which has not changed. Thus we reject the significance attached to the history of Section 9757 as espoused by Judge Temin.

█ The Commonwealth's appeal as to Appellee Miller remains. As stated above, the Commonwealth aggregated a county sentence with a term of imprisonment resulting from a county parole violation to arrive at an aggregate maximum sentence exceeding two years. While we find that the rationale of *Evola* also applies to these sentences, we supplement and reinforce *Evola* as follows. We also must address the trial court's request for remand in each of these appeals.

█ This Court has recently stated:

Under Pennsylvania Law, the authority to parole convicted offenders is split between the common pleas courts and the Pennsylvania Board of Probation and Parole. When an offender is sentenced to a maximum term of imprisonment of less than two years, the common pleas court retains authority to grant and revoke parole; when the maximum term is two years or more, authority to grant parole is vested in the Parole Board.

*Commonwealth v. McDermott,* 377 Pa.Super. 623, 631, 547 A.2d 1236, 1239 (1988) (parenthetical omitted); *See* 61 P.S. § 331.17. Therefore, in order to ascertain whether the trial judge has power to parole [a convicted offender], we must consider whether the maximum term of imprisonment imposed on [the convicted offender] is less than two years.

Pennsylvania statutory law provides:

Whenever the court determines that a sentence should be served consecutively to one being then imposed by the court, or to one previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed. Such minimum shall not exceed one-half of the maximum sentence imposed.

42 Pa.C.S.A. § 9757. Our Commonwealth Court has interpreted this statute to mandate automatic aggregation of sentences once the trial court imposes a consecutive sentence. *Gillespie v. Commonwealth Department of Corrections,* 106 Pa.Commw. 500, 508, 527 A.2d 1061, 1065 (1987) [*alloc. den.,* 518 Pa. 614, 540 A.2d 535 (1988) ].

*Commonwealth v. Ford–Bey,* 404 Pa.Super. 281, 283, 590 A.2d 782, 783 (1991). Additionally, we note that the trial court's failure to indicate a total minimum term on the record is not fatal. *Gillespie v. Commonwealth, Department of Corrections, supra.* Because a minimum sentence may not exceed half of the maximum sentence, 42 Pa.C.S. §§ 9755(b), 9756(b) (Purdon 1982), section 9757, *supra,* has been interpreted as requiring the aggregation of maximum as well as minimum sentences. *Blackwell v. Commonwealth, Pennsylvania Board of Probation and Parole,* 36 Pa.Cmwlth. 31, 387 A.2d 506 (1978). An order by the sentencing judge which purports to either grant parole to a person serving a maximum sentence in excess of two years, *Tillman v. Commonwealth, Pennsylvania Board of Probation and Parole,* 48 Pa.Cmwlth. 325, 409 A.2d 949 (1980) (*en banc* ), or to deny parole to such a person, *Commonwealth v. Call,* 249 Pa.Super. 511, 378 A.2d 412 (1977) (*en banc* ), is beyond the authority of the sentencing court and is, therefore, a nullity.

The aggregate maximum sentence of each of the several Appellees exceeds two years; therefore, exclusive control over these parole matters should lie with the Pennsylvania Board of Parole. Judge Temin, however, while recognizing the holdings of *Gillespie* and *Ford–Bey,* found them to be distinguishable and concluded that she retained jurisdiction over parole matters in each case. Such a conclusion is in error. The basic premise of Judge Temin's rationale is that of the two sentences aggregated in both *Gillespie* and *Ford–Bey,* one sentence had a maximum exceeding two years. Thus, the trial court reasons that "[i]n the cases that are the subject of the instant appeal, all of the sentences were [county] sentences only. There are no cases interpreting § 9757 to require aggregation of such sentences, and there are substantial reasons to refuse to extend the *Ford–Bey* holding to sentences under (61 P.S. § 314)." Trial Court Opinion, 12/13/91, at pp. 8–9 (footnote omitted). As stated above, our recent decision in *Commonwealth v. Evola, supra,* fills the precedential void

recognized by Judge Temin.[9] As to parole violation sentences Judge Temin concluded, "There is absolutely no basis in the law for applying § 9757 so as to aggregate the 'back-time' part of a county prison sentence with a subsequently imposed sentence so as to change the jurisdiction over reparole." Trial Court Opinion, 12/13/91, at p. 12.

The powers of the Board with respect to parolees is defined in 61 P.S. § 331.17 (Purdon Supp.1992), which reads as follows:

The board [of Probation and Parole] shall have exclusive power to parole and reparole, commit and recommit for violations of parole, and to discharge from parole all persons heretofore or hereafter sentenced by any court in this Commonwealth to imprisonment in any prison or penal institution thereof, whether the same be a state or county penitentiary, prison or penal institution, as hereinafter provided. It is further provided that the board shall have exclusive power to supervise any person hereafter placed on parole (when sentenced to a maximum period of less than two years) by any judge of a court having criminal jurisdiction, when the court may by special order direct supervision by the board, in which case the parole case shall be known as a special case and the authority of the board with regard thereto shall be the same as herein provided with regard to parole cases within one of the classifications above set forth: Provided, however, That, except for such special cases, the powers and duties herein conferred shall not extend to persons sentenced for a maximum period of less than two years, and nothing herein contained shall prevent any court of this Commonwealth from paroling any person sentenced by it for a maximum period of less than two years: And provided further, *That the period of two years herein referred to shall mean the entire continuous term of sentence to which a person is subject, whether the same be by one or more sentences, either to simple imprisonment or to an*

---

**9.** On the basis of *Evola,* we likewise reject Appellees' assertion that Section 9757 was intended only to mandate aggregation of state sentences. This interpretation conflicts with the clear statement in the above statute that the two year period "be by one or more sentence."

*indeterminate imprisonment at hard labor, as now or hereafter authorized by law to be imposed for criminal offenses.* The power of the board to parole shall extend to prisoners sentenced to definite or flat sentences. (Emphasis added).[10]

The above-emphasized language clearly provides for the aggregation of several sentences in order to reach an aggregated maximum which exceeds two years. To read this language, as does the trial court, as requiring that one of the sentences aggregated have as its maximum a two year sentence, in actuality renders aggregation unnecessary. Moreover, such an interpretation violates well-settled rules of statutory construction. By interpreting the section to require that one of the component sentences exceed two years, Judge Temin's interpretation places an additional condition not present in the clear language of the section. *See* 1 Pa.C.S. § 1921(b) (Purdon Supp.1992) (when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit); *see also Worley v. Augustine,* 310 Pa.Super. 178, 456 A.2d 558 (1983) (courts may not engraft additional terms or conditions upon a statute that the General Assembly has omitted). Further, Judge Temin's interpretation renders superfluous the above language concerning "one or more sentence." It is an equally well-settled rule of statutory construction that the General Assembly intends every word in a statute to be given effect and was not intended as mere surplusage. *See* 1 Pa.C.S. § 1922(2) (Purdon Supp.1992); *Commonwealth v. Scott,* 376 Pa.Super. 416, 546 A.2d 96 (1988), alloc. den., 522 Pa. 612, 563 A.2d 497 (1989). The above-emphasized language

---

**10.** The power of the court of common pleas to parole those criminal defendants sentenced to an aggregate maximum sentence of less than two years is provided in 61 P.S. § 314 (Purdon 1964):

The courts of quarter sessions and the courts of oyer and terminer of the several judicial districts of the Commonwealth, and other courts of record having jurisdiction, are authorized, after due hearing, to release on parole any convict confined in the county jail, house of correction, or workhouse of their respective district....

This section was repealed in so far as it related to persons over whom exclusive jurisdiction to parole was vested upon the Board of Parole by act of 1941, Aug., P.L. 861, § 35.

can only be interpreted to mean that any sentences for criminal offenses which are authorized by law shall be aggregated to determine the entire continuous term of imprisonment to which a criminal defendant is sentenced. Thus, pursuant to Section 337.17, county sentences are to be aggregated. Moreover, because parole violators are simply recommitted to serve the balance of their original sentence, there is no reason why the original sentence and the new sentence should not be aggregated. Upon aggregation the trial court loses its authority over the aggregated county sentence. *Gillespie v. Commonwealth, Department of Corrections, supra.*

We sympathize with, but must reject, Judge Temin's purported policy reasons for not extending the *Ford–Bey* holding to aggregate maximum sentences of two years where the constituent offenses are all county parole sentences. The trial court first claims that the *Ford–Bey* holding applied to county parole sentences would deprive trial judges of flexibility, discretion and responsibility to decide parole matters. Initially, we find that parole considerations are not necessarily components of the sentencing process. *See generally,* 42 Pa.C.S. § 9721(b) (Purdon 1982). Moreover, the aggregation requirement does not limit the trial court's discretion. Aggregation is only required when consecutive sentences are imposed; the trial court still enjoys discretion to impose concurrent sentences upon multiple convictions and, therefore, retain parole power.

The trial court also states that the aggregation statute as interpreted by this Court would grant the Parole Board authority over prisoners who may have been sentenced by two different judges on different days to two county parole sentences, even though each judge intended the sentence to be served under their authority in the county prison system. We are not persuaded by this claim. The trial court's responsibility in sentencing a criminal defendant is to impose the appropriate sentence on that defendant for the convictions presently before the trial court. The trial court is not to be concerned with the subsequent aggregation of future convictions. *See Bachman v. Jeffes,* 488 F.Supp. 107 (1980) (fact that petition-

er's time in prison may have exceeded that envisioned by sentencing court did not merit habeas corpus relief).[11]

Finally, the trial court refers to *Georgevich v. Court of Common Pleas of Allegheny County*, 510 Pa. 285, 507 A.2d 812 (1986). *Georgevich* is a *per curiam* order our Supreme Court granting a petition for extraordinary relief and/or assumption of original mandamus jurisdiction, and declaring that Section 314 is applicable to prisoners serving sentences of less than two years imprisonment whether confined to state or county correction facilities. Judge Temin states that the sentencing court was given power to parole the criminal defendant in *Georgevich*, even though he was also serving a five to ten year state sentence. There is no mention of this latter sentence in the published *per curiam* order.

In her opinion, Judge Temin opines that, if this Court should disagree with its interpretation of Section 9757, we should not aggregate the sentences but, rather, remand for resentencing. This we cannot do. The trial court states that if it improperly advised the several Appellees regarding the proper parole authority, all of the guilty pleas accepted are involuntary. Initially, we note that the proper remedy for an involuntary plea is a petition to withdraw the plea and stand trial. While Judge Temin claims that the individual Appellees detrimentally relied on her misapprehension of the law, not one of the Appellees makes such a claim in answer to the present appeal. Judge Temin also fails to observe that Appellee Storer did not enter a plea, but rather was convicted *by*

11. In response to the Commonwealth's appeal, the Philadelphia Public Defender's Association in a brief filed on behalf of Appellees Miller, Wolfe and Jones, argues that our interpretation of Section 9757 is violative of the constitutional doctrine of separation of powers. Like Judge Temin's bare assertion that Section 9757 is unconstitutionally vague, we find this constitutional argument largely undeveloped on appeal. Moreover, we find it meritless. The grant of parole is purely an administrative function which does not intervene on the power of the judiciary. *See generally, Commonwealth ex rel. Banks v. Cain*, 345 Pa. 581, 28 A.2d 897 (1942). *See also Abraham v. Department of Corrections of the Commonwealth of Pennsylvania*, [150] Pa.Cmwlth. [81], 615 A.2d 814 (1992).

*her* in a non-jury trial. As stated above, we find that parole considerations are not a necessary component of the sentencing process. Thus, the trial court's mistaken belief as to who would control the parole of the several Appellees is of no significance. Furthermore, we note that these cases are before us on appeals by the Commonwealth from the orders granting parole. Appellees did not attack the legality of the sentences, nor could they in these appeals.

In reaching this conclusion, we distinguish the recent opinion of this Court in *Commonwealth v. Sutton,* 400 Pa.Super. 291, 583 A.2d 500 (1990), *alloc. den.,* 528 Pa. 610, 596 A.2d 156 (1991), and the Pennsylvania Supreme Court opinion relied upon therein, *Commonwealth v. Goldhammer,* 512 Pa. 587, 517 A.2d 1280 (1986), *cert. den'd,* 480 U.S. 950, 107 S.Ct. 1613, 94 L.Ed.2d 798 (1987).

In *Sutton, a criminal defendant appealed* the sentence imposed upon him for aggravated assault, arguing, *inter alia,* that his sentence was illegal because the sentence imposed on the aggravated assault conviction exceeded the maximum possible sentence for the "more serious" charge of attempted murder. In response to the appeal by the defendant, the Commonwealth conceded that Sutton committed the crime at issue prior to it being upgraded to a first degree felony and, because Sutton was sentenced for a first degree felony, a remand was necessary. The Commonwealth asserted that the sentences on all counts should be vacated and the case remanded for resentencing. Contrarily, Sutton argued that he only appealed the sentence imposed upon him for one count and, therefore, the other counts should not be disturbed. In rejecting Sutton's position and remanding for complete sentencing, this Court, citing *Commonwealth v. Goldhammer, supra,* stated, "Any expectation of finality in Appellant's original sentencing scheme was subverted by the appeal which he filed. Remand for resentencing on the sole count of aggravated assault for the shooting of Officer Corvi would clearly upset the trial court's ability to effectuate its original sentencing

scheme." *Commonwealth v. Sutton,* 400 Pa.Super. at 294, 583 A.2d at 502 (footnote omitted).

In *Commonwealth v. Goldhammer, supra,* this Court reversed the sentences imposed upon Goldhammer by the trial court on the basis that the underlying charges should not have been brought because the statute of limitations had expired. All other sentences were affirmed. The sentence reversed was the only one in which a jail term was imposed. The Commonwealth filed a petition for reargument, requesting this Court to remand the record to the sentencing court for resentencing in light of this Court's decision. The petition for reargument was denied. Upon granting allocatur, our Supreme Court affirmed this Court's reversal of the theft convictions, but declined to remand the matter for resentencing, believing that resentencing under these circumstances was barred by the double jeopardy clause. Certiorari was granted by the United States Supreme Court, which remanded the case for reconsideration in light of federal precedent.[12] On remand, our Supreme Court determined that the Commonwealth did not have the power to challenge Goldhammer's sentence on appeal. Our Supreme Court recognized, however, that it was Goldhammer, himself,

> who originally appealed all the judgments of sentence imposed in the trial court. Having done so, Goldhammer voluntarily assumed the risk of all the attending repercussions, including the possibility that the Commonwealth would seek resentencing in the event appellate review resulted in disruption of the original sentencing plan, to wit, reversal of the only jail term imposed. We hold therefore, that where a defendant appeals a judgment of sentence, he accepts the risk that the Commonwealth may seek a remand for resentencing thereon if the disposition in the appellate court upsets the original sentencing scheme of the trial court.

12. At issue in *Goldhammer* was also whether suspended sentences were subject to appellate review. This issue is not involved in the present cases.

*Commonwealth v. Goldhammer,* 512 Pa. at 592, 517 A.2d at 1283.[13]

*Goldhammer* and *Sutton,* do not stand for the proposition that remand is necessary when the sentencing court claims it misapprehended the law and, therefore, was prevented from implementing a desired sentencing scheme. In both of these cases, the appellate court vacated a component of the sentencing scheme which affected the term of incarceration imposed. Moreover, none of the criminal defendants in the present consolidated cases in any way challenged their sentences. Thus, *Goldhammer* and *Sutton* do not require a different disposition. *See also Abraham v. Department of Corrections of the Commonwealth of Pennsylvania,* 150 Pa.Cmwlth. 81, 615 A.2d 814 (1992) (remand for resentencing not required where the sentencing judge imposed a consecutive sentence but intended that the sentence be served in a county prison, even though mandatory aggregation required the sentence to be served in a state facility).

In *Abraham v. Department of Corrections of the Commonwealth of Pennsylvania,* the District Attorney of Philadelphia County filed a petition to review, under the original jurisdiction of Commonwealth Court, seeking an order compelling the Commonwealth, Department of Corrections, to aggregate all consecutive sentences of each prisoner, regardless of the designated place of confinement, and to take custody of prisoners in the Philadelphia County Prison whose aggregated maximum sentence of five or more years. The only issue raised by the District Attorney involved the proper place of confinement for these prisoners under 42 Pa.C.S. § 9762 (Purdon 1982).[14] On January 13, 1992, the Honorable David

**13.** In a dissent joined by Justice Zappala, Chief Justice Nix points out that, contrary to the majority's statement, Goldhammer never challenged the sentences imposed upon him.

**14.** This section reads:
§ **9762. Sentencing proceeding; place of confinement**
All persons sentenced to total or partial confinement for:
(1) maximum terms of five or more years shall be committed to the Bureau of Correction[s] for confinement;
(2) maximum terms of two years or more but less than five years may be committed to the Bureau of Corrections for confinement or

W. Craig, President Judge of the Commonwealth Court, issued a peremptory mandamus order and memorandum which required that all consecutive sentences be aggregated for purposes of determining place of confinement. The Department of Corrections filed a motion to reopen this peremptory mandamus order. This motion was heard before a Commonwealth Court panel. Finding that aggregation was mandatory under § 9757, *supra*, Commonwealth Court rejected the Commonwealth's argument against aggregation as well as its request for a remand for resentencing. However, for reasons discussed below, the panel limited which sentences could be aggregated.

Although no question regarding the proper parole authority over the individual prisoners was presented in *Abraham*, Commonwealth Court nevertheless addressed the issue. Citing to *Gillespie*, *supra*, Commonwealth Court found that where a prisoner is already subject to Parole Board authority by reason of an earlier sentence exceeding two years, the trial judge who imposes a subsequent consecutive sentence of less than two years maximum (county sentence) thereby subjects the sentence to aggregation under Section 9757 and also comes under Parole Board authority and is "necessarily aware that he lacks the discretion available and appropriate for a lone sentence of less than two years." *Abraham*, at 95, 615 A.2d at 821. However, Commonwealth Court went on to agree with the Commonwealth that, where a county sentence of less than two years maximum stands alone or precedes a state sentence of two or more years, the sentencing court should not be stripped of its discretion to parole by aggregation with subsequent state sentences. Commonwealth Court

may be committed to a county prison within the jurisdiction of the court;

(3) maximum terms of less than two years shall be committed to a county prison within the jurisdiction of the court except that as facilities become available on dates and in areas designated by the Governor in proclamations declaring the availability of State correctional facilities, such persons may be committed to the Bureau of Correction[s] for confinement.

also held that the aggregation of a parole sentence with a county sentence would result in an illegal sentence.[15]

Decisions of the Commonwealth Court are not binding on this Court and should be followed only when the reasoning contained therein is persuasive. *Commonwealth v. McDermott*, 377 Pa.Super. 623, 547 A.2d 1236 (1988). Based on our own analysis of the pertinent statutes, as discussed *infra*, we find that Commonwealth Court's discussion in *Abraham* was not only unnecessary but unpersuasive.

Commonwealth Court ignores the plain meaning of the language of Section 331.17 to the effect that the two year sentence may be established by one or more sentences. Like Judge Temin, the court in *Abraham*, without discussion of the statutory language, imposes a condition where none exists. Additionally, we note that Commonwealth Court did not address the situation where all of the aggregated sentences consist of county sentences. Commonwealth Court would

**15.** For example, Commonwealth Court reasoned that the aggregation of a consecutive parole sentence, that is, adding the parole sentences to both the aggregated minimum and aggregated maximum, would result in an illegal sentence because the aggregated minimum would be *more* than one-half of the aggregated maximum and, therefore, violative of the statutory language of Section 9757.

The aggregation provision of Section 331.17 is completely consistent with, although not dependent upon, the general aggregation statute, which explicitly applies to sentences previously imposed. While *Abraham* correctly recognizes that § 331.17 contained no language to mitigate the aggregation, the panel of Commonwealth Court errors in thinking that the parole violation sentence upsets the minimums and maximums originally imposed by the trial court. Aggregation is necessary to establish where the defendant can be incarcerated and who will have jurisdiction over parole. It does not aggregate the sentence and therefore create a new minimum and maximum. Commonwealth Court apparently reasoned that an order revoking parole and requiring the parole violator to serve his maximum sentence in prison, in effect transforms the minimum sentence into the maximum sentence. It then reasoned that such a sentence cannot be aggregated with another sentence because the resultant aggregate minimum sentence would be more than one-half of the aggregate maximum sentence in violation of Section 9757. This reasoning is flawed. A parole revocation order has no effect on either the minimum or maximum sentence. To the contrary, the order leaves the minimum sentences intact and merely requires the defendant to serve the maximum sentence in custody. If this were not so, all parole revocations would be illegal *per se* because the post-revocation sentence would always contain a minimum term in excess of one-half of the maximum.

acquiesce in the fact that a sentencing court loses parole power if a subsequent consecutive county sentence is imposed but finds improper the loss of parole power if a prior county sentence is aggregated with a subsequent state sentence. As stated above, the proper concern of a court at sentencing is to impose what is believed to be the proper sentence that would both punish the crime committed and meet the rehabilitative needs of the defendant. If multiple sentences are to be imposed at that time, the sentencing court can maintain parole power by making the sentences concurrent. However, once another judge sentences that defendant on another conviction, or a "back-time" sentence is imposed due to a parole violation, that original sentencing court cannot expect to continue to exercise parole power. It is not the fact that automatic aggregation upsets the original sentencing court's intent in sentencing—it is the commission of subsequent crimes which may frustrate the original attempt of the court to rehabilitate the defendant.

In the present consolidated cases early parole was improperly granted to each Appellee. We therefore reverse each order.

Orders reversed. The matters are remanded for proceedings consistent with this opinion.