J-S57028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARIO KINDELIN-RAY | |
| Appellant | No. 336 EDA 2014 |

Appeal from the PCRA Order December 24, 2013
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001777-2011

BEFORE:  DONOHUE, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.:                    **FILED NOVEMBER 17, 2014**

Appellant, Mario Kindelin-Ray, appeals from the December 24, 2013 order, dismissing his petition for relief filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we vacate the order and remand for further proceedings.

The central facts in this case are not in dispute, and may be summarized as follows.  On April 4, 2011, Appellant was charged with two counts each of possession with intent to deliver a controlled substance (cocaine and heroin), and possession of a controlled substance (cocaine and heroin), and one count of providing false identification to law enforcement.[1] After a trial conducted from November 29, 2011 to December 1, 2011, the

---

[1] 35 P.S. §§ 780-113(a)(30), 780-113(a)(16), and 18 Pa.C.S.A. § 4014, respectively.

jury found Appellant guilty of providing false identification to law enforcement and acquitted him of the remaining charges. Appellant was immediately sentenced to a term of imprisonment of six to 12 months, consecutive to any other sentence Appellant was serving. At the time of his sentence in this case, Appellant was serving a sentence for a prior conviction on drug charges, and was subject to Pennsylvania Board of Probation and Parole (Parole Board). No direct appeal was taken from the judgment of sentence.[2]

On March 14, 2012, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition on May 24, 2012, alleging several instances of ineffective assistance of trial counsel. Prior to the initial hearing, the Commonwealth presented a threshold jurisdictional issue, asserting Appellant was ineligible for PCRA relief since he was no longer serving the subject sentence.[3] On December 13, 2012 and

---

[2] Following sentencing, the Commonwealth sought forfeiture of funds seized at the time of Appellant's arrest, and Appellant petitioned for return of the funds. On June 14, 2013, the trial court ordered forfeiture of the funds and Appellant appealed *pro se* that same day. This Court quashed the appeal on July 10, 2013 because Appellant abandoned his challenge to the forfeiture, instead raising sentencing issues in his Rule 1925(b) statement and appellate brief. **Commonwealth v. Kindelin-Ray**, 82 A.3d 1016 (Pa. Super. 2013) (unpublished judgment order).

[3] The PCRA provides in pertinent part as follows.

### § 9543. Eligibility for relief

*(Footnote Continued Next Page)*

September 10, 2013, the PCRA court conducted hearings on Appellant's amended petition. By agreement of the parties, testimony and argument were limited to the jurisdictional issue, with the understanding further hearings would be conducted on the merits of Appellant's claims if the PCRA court ruled in favor of Appellant on the threshold issue. The PCRA court took the matter under advisement and issued an order on December 24, 2013, dismissing Appellant's PCRA petition on the basis that Appellant was not serving the subject sentence and was, therefore, ineligible for PCRA relief. On January 23, 2014, Appellant filed a timely notice of appeal.[4]

Appellant raises the following single issue on appeal.

> Did the trial court err in finding that defendant was ineligible for PCRA relief because he was not currently serving a sentence …[?]

(Footnote Continued) ———————

> **(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
>> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>>
>>> (i) currently serving a sentence of imprisonment, probation or parole for the crime;
>>
>> …

42 Pa.C.S.A. § 9543(a)(1)(i).

[4] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant's Brief at 4.

We are guided by the following standard when considering an appeal from the denial of PCRA relief.

> On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. [Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Medina*, 92 A.3d 1210, 1214-1215 (Pa. Super. 2014) (*en banc*) (internal quotation marks and citations omitted).

Contrary to the conclusion of the PCRA court, Appellant argues he is currently serving the subject sentence. Appellant's Brief at 8. Appellant contends that because the instant sentence was made consecutive to any prior sentence he was serving, the sentences became aggregated pursuant to 42 Pa.C.S.A. § 9757. *Id.* at 7. Section 9757 provides as follows.

> **§ 9757. Consecutive sentences of total confinement for multiple offenses**
>
> Whenever the court determines that a sentence should be served consecutively to one being then imposed by the court, or to one previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed. Such minimum sentence

> shall not exceed one-half of the maximum sentence imposed.

42 Pa.C.S.A. § 9757. "This statute mandates automatic aggregation of sentences once a trial court imposes a consecutive sentence." *Commonwealth v. Allshouse*, 33 A.3d 31, 35 (Pa. Super. 2011) (citations omitted), *appeal denied*, 49 A.3d 441 (Pa. 2012). Aggregation of consecutive sentences has been defined as follows.

> Aggregation of sentences is simply the combining of multiple consecutive sentences of total confinement and treating them as if they were a single sentence. The minimum sentences are added together to arrive at an aggregated minimum sentence while the maximum sentences are added together to arrive at an aggregated maximum sentence.

12 West's Pa. Prac., Law of Probation and Parole § 4:9 (2012-2013 ed.); *see Commonwealth v. Harris*, 620 A.2d 1175, 1179 (Pa. Super. 1993), *appeal denied*, 645 A.2d 1115 (Pa. 1993); *Jamieson v. Pa. Bd. of Probation and Parole*, 478 A.2d 152, 154 (Pa. Cmwlth. 1984).

Instantly, our review of the record discloses the following. Appellant was serving a state sentence at the time he was charged with the new offense on April 2, 2011. On May 24, 2011, the Parole Board recommitted Appellant as a technical parole violator to serve nine months' back-time or his unexpired term, noting a maximum date for his recommitment of November 10, 2011 "subject to change if convicted of [the subject charges]." N.T., 12/13/12, at 21-24; Commonwealth's Ex. C2, Prison Tracking Card. As noted, Appellant **was** convicted and sentenced on

- 5 -

December 1, 2011. His sentence of six to 12 months' incarceration was ordered to run "consecutively to any other sentence presently being served." Sentencing Order, 12/1/11, at 1. By operation of law, Appellant's instant sentence and prior unexpired sentence aggregated pursuant to Section 9757. The Parole Board thereafter, on February 22, 2012, recommitted Appellant as a convicted parole violator, based on the instant conviction, to serve seven months' and 10 days' back-time and six months' for the new conviction. N.T. 9/10/13, at 8-9; Defendant's Ex. D1, Notice of Board Decision. Based on Appellant's recommitments, the Parole Board recalculated Appellants aggregated maximum sentence date to December 10, 2017. N.T. 12/13/12, at 40-41; Defendant's Ex. D1, Order to Recommit.[5] In consideration of these facts, we agree with Appellant that he is "currently serving a sentence … for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i).

The Commonwealth cites our decision in **Commonwealth v. Hart**, 911 A.2d 939 (Pa. Super. 2006), for the proposition that "[r]evocation of

---

[5] We note that on December 16 2011, the trial court issued an order granting Appellant parole. Trial Court Order, 12/16/11, at 1. However, as Appellant's aggregate maximum sentence exceeded two years, the trial court was without authority to do so. **See Commonwealth v. Miller**, 770 A.2d 362, 363 (Pa. Super. 2001) (noting that "where the total aggregate sentence carries a maximum of two years or more, exclusive parole authority lies with the Pennsylvania Board of Probation and Parole"), **citing Commonwealth v. Tilghman**, 673 A.2d 898 (Pa. 1996); **Commonwealth v. Harris,** 620 A.2d 1175 1178 (Pa. Super. 1993), *appeal denied*, 634 A.2d 1115 (Pa. 1993).

parole is a collateral consequence, and the PCRA does not provide relief from collateral consequences of a criminal conviction." Commonwealth's Brief at 8. We conclude **Hart** is distinguishable and not dispositive of the issue presented in this case. It is well settled that collateral consequences of a conviction cannot provide a jurisdictional basis for relief under the PCRA when an appellant is not currently serving the challenged sentence. **See, e.g.**, **Commonwealth v. Descardes**, --- A.3d ---, 2014 WL 4696243, at *2 (Pa. Super. 2014) (*en banc*) (holding immigration repercussions from conviction were collateral and did not provide a jurisdictional basis for PCRA relief where appellant was no longer serving underlying sentence); **Commonwealth v. Williams**, 977 A.2d 1174, 1177 (Pa. Super. 2009) (holding that a registration and reporting requirement under Megan's Law, as a collateral consequence of Appellant's conviction, did not provide a jurisdictional basis for PCRA relief where Appellant was no longer serving underlying sentence), *appeal denied*, 990 A.2d 730 (Pa. 2010).

In **Hart**, the appellant was convicted of a summary offense and received a sentence of 90 days' incarceration. **Hart**, **supra**, at 940. The sentence was ordered "to run **concurrently** with sentences imposed after probation revocation." **Commonwealth v. Hart**, 894 A.2d 817 (Pa. Super. 2005) (unpublished memorandum at 2) (emphasis added). The appellant subsequently filed a PCRA petition and was denied relief because he was no longer serving a sentence for his conviction. **Id.** On appeal from that

determination, the appellant conceded he was no longer serving his sentence on the summary conviction, but argued that because his summary conviction was the basis for revoking his probation on another prior sentence, and he was still serving that sentence, PCRA relief should be available. *Id.* at 941. The *Hart* Court determined that an expired sentence could not provide a jurisdictional basis for PCRA relief, even though the offense underlying the expired sentence resulted in appellant's revocation on an **unrelated** probation, which sentence he continued to serve. *Id.* at 942.

Unlike *Hart*, Appellant's sentence in the instant case was ordered to run consecutively with all prior sentences. As discussed above, those sentences were thereupon aggregated per Section 9757, and the effect of Appellant's probation revocation was to prolong the aggregated maximum date of his consecutive sentences to December 10, 2017. Accordingly, we conclude Appellant continues to serve the underlying sentence in this case. We further conclude the PCRA court erred in its determination that Appellant was ineligible for relief because his sentence "maxed out on April 2, 2012." Trial Court Opinion, 12/24/13, at 2. Furthermore, because no record was developed on the merits of Appellant's PCRA claims in deference to this threshold eligibility issue, we are constrained to vacate the PCRA court's December 24, 2013 order, and remand for further proceedings.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/17/2014</u>