J-S23038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      :           PENNSYLVANIA
                                      :
                v.                       :
                                      :
                                      :
SEAN HANNA                          :
                                      :
             Appellant               :     No. 200 MDA 2022

Appeal from the Judgment of Sentence Entered January 6, 2022
In the Court of Common Pleas of Columbia County Criminal Division at
No(s):  CP-19-CR-0000417-2018

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:             **FILED NOVEMBER 09, 2022**

Appellant, Sean Hanna, appeals from a judgment of sentence of 36 to 84 months' incarceration imposed after he pled guilty to receiving stolen property.[1]  For the reasons set forth below, we affirm.

On April 3, 2018, Appellant was charged with theft by unlawful taking and receiving stolen property for stealing $27,791 in cash from a home where he and another person for whom he worked as a helper were providing house cleaning services.  Criminal Complaint.  On November 12, 2019, Appellant entered a negotiated plea of guilty to the charge of receiving stolen property and the Commonwealth, pursuant to the plea agreement, *nolle prossed* the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3925(a).

theft by unlawful taking charge.  N.T. Guilty Plea at 4-7; Written Guilty Plea Colloquy at 1.  The only other terms of Appellant's plea agreement that were presented to the trial court when Appellant pled guilty and trial court accepted the plea were that Appellant would be released on unsecured bond pending sentencing and that the restitution of $27,791 would be imposed as joint and several.  N.T. Guilty Plea at 5, 7; Written Guilty Plea Colloquy at 1.  Appellant at the guilty plea hearing was asked whether he had been promised anything else in exchange for his guilty plea and answered "No, sir."  N.T. Guilty Plea at 6.

The offense gravity score for receiving stolen property of more than $25,000 in value was 6 and the standard range minimum sentence under the sentencing guidelines for that offense gravity score for a defendant with Appellant's prior record score was 27-40 months' imprisonment.  204 Pa. Code §§ 303.15, 303.16(a); Guideline Sentence Form.  On January 6, 2022, the trial court sentenced Appellant to 36 months to 84 months' imprisonment, within the standard range, with credit for time served prior to Appellant's release on unsecured bail, and imposed a $500 fine and $27,791 in restitution joint and several with any other participants.  N.T. Sentencing at 6; Sentencing Order.[2]

---

[2] The lengthy delay in Appellant's sentencing was a result of continuances to defer sentencing until after a co-defendant's trial that ultimately did not occur. N.T. Sentencing at 3-4, 6.

At the sentencing hearing, when the trial court stated the offense gravity score and applicable sentencing guidelines before imposing sentence, Appellant stated he thought that there was an agreement for an offense gravity score of 5 and a 12-to-18-month sentence. N.T. Sentencing at 2. Appellant's counsel asserted that the Commonwealth had agreed prior to Appellant's guilty plea that the offense gravity score would be reduced if Appellant provided credible testimony in the prosecution of a co-defendant, but that the Commonwealth did not go forward with the prosecution of the co-defendant. *Id.* at 2-3. The Commonwealth agreed that there was a May 9, 2018 agreement to give Appellant some consideration at sentencing if Appellant cooperated in that prosecution and in recovering the stolen funds and provided the trial court with a written stipulation signed by Appellant and the Commonwealth referencing a plea to receiving stolen property with the other charge *nolle prossed* and stating "[c]onsideration at sentencing of cooperation in attempting recovery and restitution of stolen funds." *Id.* at 8-9; Commonwealth Ex. 1. The Commonwealth advised the trial court that no prosecution of the co-defendant went forward. N.T. Sentencing at 6.

After imposing sentence, the trial court advised Appellant of his right to appeal and advised Appellant that if he wished to appeal on the ground that his guilty plea was not voluntary and knowing or wished to challenge his sentence on appeal, he must file a post-sentence motion within 10 days. N.T. Sentencing at 6-8. Appellant then stated that he wanted to appeal

because I wasn't under -- I didn't know that I was supposed to be getting sentenced on such high guidelines. Had I known, I wouldn't have even taken the plea. I was under the assumption that it was 12 to 18 months. I understand that's not what was said, but that's what I was under the assumption of.

*Id.* at 8. Appellant filed no post-sentence motion and file a timely appeal from the judgment of sentence on February 4, 2022. Docket Entries at 14-15.

Appellant presents the following single issue for our review:

Whether the trial court erred by not enforcing the plea agreement reached between Appellant and Appellee which would have reduced Appellant's offense gravity score and thereby reduced his standard range sentence.

Appellant's Brief at 1 (unnecessary capitalization omitted). Appellant is not entitled to relief on this issue.

A defendant is entitled to enforcement of a plea agreement only where that agreement has been presented to and accepted by the trial court. ***Commonwealth v. Martinez***, 147 A.3d 517, 531-32 (Pa. 2016); ***Commonwealth v. Spence***, 627 A.2d 1176, 1184 (Pa. 1993), ***limited on other issue***, ***Commonwealth v. Walker***, 92 A.3d 766 (Pa. 2014). Where the record of the defendant's plea shows that the term that the defendant seeks to enforce was not a term of the plea agreement that was accepted by the court, the defendant is not entitled to enforcement of that term. ***Commonwealth v. Travaglia***, 28 A.3d 868, 893 (Pa. 2011). The record here is clear that no reduction in offense gravity score or recommendation or limitation on Appellant's sentence was part of the plea agreement that was accepted by the trial court. The only terms of Appellant's plea agreement that

were presented to the trial court were that the theft charge against Appellant would be *nolle prossed*, that Appellant's bail until sentencing would be unsecured, and that restitution would be joint and several. N.T. Guilty Plea at 5, 7; Written Guilty Plea Colloquy at 1. The Commonwealth and the trial court complied with all of those terms. N.T. Guilty Plea at 5, 7-8; Court Commitment; N.T. Sentencing at 6; Sentencing Order.

In addition, Appellant stated in both his oral plea colloquy in court and in his written plea colloquy that he had not been promised anything else in exchange for his guilty plea. N.T. Guilty Plea at 6; Written Guilty Plea Colloquy at 2, 4. Indeed, Appellant in his written plea colloquy stated that he had received no promises or indications concerning the sentence that he would receive. Written Guilty Plea Colloquy at 2. A defendant is bound by the statements that he makes during his plea colloquy and cannot assert challenges to his plea that contradict his statements when he entered the plea. ***Commonwealth v. Jabbie***, 200 A.3d 500, 506 (Pa. Super. 2018); ***Commonwealth v. Orlando***, 156 A.3d 1274, 1281 (Pa. Super. 2017); ***Commonwealth v. Muhammad***, 794 A.2d 378, 384 (Pa. Super. 2002). Because the plea agreement accepted by the trial court did not include any reduction in offense gravity score or any provision concerning Appellant's sentence other than making restitution joint and several, Appellant was not entitled to enforcement of any agreement by the Commonwealth concerning

reduction in the offense gravity score or concerning sentencing consideration in exchange for Appellant's cooperation.

Moreover, any claim that the Commonwealth's agreement made Appellant's plea involuntary or unknowing is barred by waiver and would not provide the relief that Appellant seeks in this appeal. A request to withdraw a guilty plea on the grounds that it was involuntary or unknowing must be raised by motion in the trial court in order to be reviewed on direct appeal. ***Jabbie***, 200 A.3d at 506; ***Commonwealth v. Rush***, 959 A.2d 945, 949 (Pa. Super. 2008). Although Appellant asserted at the sentencing hearing that his plea was based on his belief that there was an agreement for a lower sentence and expressed a desire to appeal his sentence, N.T. Sentencing at 2, 8,[3] he did not request to withdraw his guilty plea or make any motion to withdraw the plea. Despite the trial court's specific instruction that he was required to file a motion challenging the validity of the plea within 10 days if he wished to assert on appeal that the plea was not knowing and voluntary, ***id.*** at 7, Appellant filed no post-sentence motion and instead filed this appeal without first seeking to withdraw his plea or seeking any other relief in the trial court.

---

[3] We note that Appellant's claim that he expected a sentence of 12 to 18 months is not consistent with his claim that the offense gravity score would be reduced to 5, as an offense gravity score of 5 has a standard range minimum sentence of 24 to 36 months for defendants with Appellant's prior record score. 204 Pa. Code § 303.16(a).

Even if the issue were not waived, the relief to which Appellant would be entitled if he showed that his plea was involuntary or unknowing would be withdrawal of the plea, not resentencing. **Commonwealth v. Hickman**, 799 A.2d 136, 143 (Pa. Super. 2002); **Commonwealth v. Harris**, 620 A.2d 1175, 1181 (Pa. Super. 1993). In this appeal, Appellant notably does not seek remand to permit withdrawal of his plea, but seeks only resentencing in accordance with an alleged term that was not part of the plea agreement accepted by the trial court.

Because the record shows that the alleged agreement concerning reduction of the offense gravity score was not part of the plea agreement accepted by the trial court, Appellant is not entitled to specific performance of that alleged agreement and the trial court did not err in sentencing Appellant in accordance with the offense gravity score and sentencing guidelines applicable to Appellant's offense. We therefore affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2022