J-S29038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC RAMBERT | : | |
| | : | |
| Appellant | : | No. 160 WDA 2022 |

Appeal from the PCRA Order Entered January 18, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002765-1987

BEFORE: PANELLA, P.J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED: DECEMBER 5, 2022**

Eric Rambert, *pro se*, appeals from the order dismissing, as untimely, his serial Post Conviction Relief Act (PCRA) petition. ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The facts underpinning Rambert's convictions are not relevant to the present appeal. However, briefly, Rambert was originally sentenced, in a matter factually unrelated to the present docket number, to an aggregate imprisonment term of ten to twenty-five years stemming from a 1983 guilty plea wherein Rambert, *inter alia*, pleaded guilty to rape in Philadelphia County. Several years later, in 1987, Rambert, while imprisoned in Allegheny County, was found guilty by a jury of committing an assault as a prisoner, rioting, and

_____

[*] Retired Senior Judge assigned to the Superior Court.

engaging in a criminal conspiracy.[1]

For these latter offenses, Rambert was sentenced to: at Count I, two to ten years of incarceration "to begin and take effect at the expiration of sentence imposed at any other information(s)"; at Count II, two to five years of incarceration "to begin and take effect at the expiration of sentence imposed at Count I"; and at Count III, two to ten years of incarceration "to begin and take effect at the expiration of sentence imposed at Count [II]". Judgment of Sentence, dated 11/10/87 (consolidated onto one page). After sentencing, this Court affirmed Rambert's judgment of sentence in 1988.

According to Rambert, some ten years later, in 1998, the Pennsylvania Department of Corrections furnished him with a sentence status summary, which reflected that his 1983 sentence had been aggregated with his 1987 sentence, leading to a June 2, 2033 maximum term of incarceration. In other words, Rambert's sentence, in its entirety, was thereafter identified as sixteen to fifty years of incarceration, reflective of his original ten to twenty-five year term in addition to the newer tripartite sentencing arrangement.

In 2021, Rambert filed what appears to be his twelfth post-conviction petition, which was titled "Motion for PCRA *Nunc Pro Tunc* Writ of *Habeas Corpus*". Although it is difficult to parse given that the petition has been hand-written, Rambert asserts that the Pennsylvania Department of

---

[1] **See** 18 Pa.C.S.A. § 2703; 18 Pa.C.S.A. § 5501(1); and 18 Pa.C.S.A. § 903(a)(1), respectively.

Corrections/Board of Probation and Parole acted in violation of the sentencing court's 1987 order by unlawfully aggregating his 1987 sentence with his 1983 sentence. *See* Motion for PCRA *Nunc Pro Tunc* Writ of *Habeas Corpus*, filed 11/15/21, at ¶ 2. Rambert's petition continues by contending that these entities have "misinterpreted and misapplied 42 Pa.C.S.[A.] § 9757[.]" *Id*., at ¶ 4. Ultimately, the lower court dismissed Rambert's petition on the basis that, under the PCRA, it was time-barred, without exception. *See* 42 Pa.C.S.A. § 9545(b)(1) (giving petitioners one year after their judgment becomes final to file a petition unless they have availed themselves of one of the PCRA's three exceptions).

Rambert timely appealed from this dismissal and now, on appeal, presents three issues:

1. Did the lower court err in dismissing his petition where he invoked the court's non-traditional jurisdiction/inherent powers pursuant to 42 Pa.C.S.A. § 5505?

2. Did the lower court err in failing to correct the 1987 sentencing order, as it was unlawfully encroached on by the Pennsylvania Department of Corrections?

3. Did the lower court err in failing to correct the 1987 sentencing order where there has been an unlawful aggregation of his sentence?

*See* Appellant's Brief, at 3.

Preliminarily, we note that despite raising three at least somewhat discrete questions, Rambert's argument section, which contains no internal headings and fluctuates wildly between upper- and lower-case text, is in

- 3 -

violation of, among other rules, Pennsylvania Rule of Appellate Procedure 2119(a). *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued[.]"). To that point, having one omnibus section has, to a certain degree, hampered review.

Distilled down, Rambert appears to contest the Pennsylvania Department of Correction's ability to have aggregated his sentences in 1998, as it "usurped the [j]udicial [b]ranch['s] powers in sentencing[.]" Appellant's Brief, at 7. Instead, Rambert avers that, by their explicit wordings, his individual 1987 sentences were firstly not consecutive to one another and secondly not aggregated with his 1983 sentence. *See id.*, at 7-8; *see also id.*, at 9 ("[The 1987 sentencing order] doesn't say a term of incarceration of not less than six … years nor more than twenty-five … years[.]"). Rambert further suggests that "he would have had to stipulate that they were consecutive and aggregated[.]" *Id.*, at 8.

Rambert also believes that proper jurisdiction to challenge his present contention lies in the sentencing court, as it was the sentencing court who determined whether his 1987 sentence was consecutive and/or aggregated. *See id.*, at 10. Finally, Rambert argues, somewhat contradictorily based on other portions in his brief, that his present petition is not time-barred by the PCRA because a sentencing court has the inherent jurisdiction to correct patent errors in the record. *See* 42 Pa.C.S.A. § 5505; *but see* Appellant's Brief, at 19 ("Just because [the 1987 sentencing judge's] written judgment

doesn't specify [consecutively,] doesn't mean there was a patent mistake because he had the discretion to impose his sentences the way that he did[.]") (unnecessary capitalization omitted).

The Commonwealth submits that because Rambert is principally contesting the Pennsylvania Department of Correction's aggregation action, review of Rambert's claims do not fall under the ambit of the PCRA and are, therefore, beyond our jurisdiction. **See** 42 Pa.C.S.A. § 9543(2)(i-viii) (requiring a petitioner to demonstrate that his or her conviction or sentence stemmed from one of seven enumerated factors). To that point, our sister court has emphasized that "the proper method by which a prisoner [can] challenge the aggregation of his sentences [is] through a *mandamus* action [in Commonwealth Court]." **Gillespie v. Department of Corrections**, 527 A.2d 1061, 1065 (Pa. Commw. 1988) (citation omitted); **see also** 42 Pa.C.S.A. § 761(c) ("The Commonwealth Court shall have original jurisdiction in cases of *mandamus*[.]"). In addition, even though the lower court dismissed the petition on timeliness grounds, the Commonwealth highlights that as long as the court's ultimate decision is correct, we may affirm on any basis. **See Commonwealth v. Reese**, 31 A.3d 708, 727 (Pa. Super. 2011) (*en banc*). With these considerations in mind, to the extent Rambert is challenging the Department of Correction's ability to proceed in the way that it did, Rambert has not shown that his claim is cognizable under the PCRA. As such, we have no ability to grant him relief and therefore affirm the dismissal of his petition.

In the alternative, continuing with his argument, Rambert states that the first of his three 1987 sentences began in 1993, which was after he had served the ten-year minimum of his 1983 sentence. Then, two years later, in 1995, after his Count I two-year minimum had elapsed, he started to serve his Count II two-year minimum, with Count III following the same pattern. After that, Rambert writes that "[w]hile serving the minimums of each sentence[,] all maximums were running simultaneously[,] which would have [e]xpired on June 2, 2007." Appellant's Brief, at 15.

We agree with Rambert that his 1987 sentencing orders do not expressly indicate that they are consecutive to one another. However, when those orders state that they were to individually take effect either *after*: (1) any sentence imposed at any other criminal information; or (2) a previous count in the same 1987 case, their plain language demonstrates a consecutive sentencing scheme. Stated differently, the three sentences imposed in 1987 are clear insofar as they do not overlap one another, and Rambert has presented no compelling basis to conclude that the court was obligated to use a specific word or phrasing to construct a legally sufficient consecutive sentence.

Despite the fact that the record shows no indication that the court, in imposing a consecutive sentence, "indicate[d] the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed[,]" 42 Pa.C.S.A. § 9757, in utilizing more language from our sister

court, such an omission is "not a fatal flaw," ***Gillespie***, 527 A.2d at 1065. The "failure [to inform a defendant of his or her total minimum] does not require resentencing," ***Commonwealth v. Bell***, 476 A.2d 439, 452 (Pa. Super. 1984), because "necessary implication," ***id***., at 453, demonstrates that Rambert's aggregate sentence for the 1987 offenses amounted to six to twenty-five years. ***See Commonwealth v. Harris***, 620 A.2d 1175, 1179 (Pa. Super. 1993) (establishing that Section 9757 "has been interpreted as requiring the aggregation of maximum as well as minimum sentences[]") (citation omitted). We have also noted that the Commonwealth Court has understood Section 9757 to "mandate automatic aggregation of sentences once the trial court imposes a consecutive sentence." ***Id***.

Simply put, regardless of whether his sentence automatically aggregated pursuant to Section 9757 in 1987 or via a Department of Corrections action transpiring approximately ten years later, Rambert has presented no cogent basis to deviate from the plainly evident intent of the sentencing court. The 1987 orders irrefutably demonstrate that there is to be an aggregation of his initial ten to twenty-five year term of incarceration from 1983, clearly fitting the "any other information" parameter expressly contemplated therein, with his consecutively constructed six to twenty-five year sentence imposed in 1987. In total, then, Rambert's entire sentence amounts to sixteen to fifty years of incarceration, the aggregate term of which he will serve until, at most, 2033. In addition to dismissal predicated on

*mandamus*, without any patently incorrect infirmities associated with Rambert's sentence and in tandem with Rambert failing to plead or prove any exception to the PCRA's time-bar, we affirm the lower court's order dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/05/2022